THE PEOPLE *ex rel.* SILAS LIVERGOOD

*v.*

SAMUEL F. GREER, County Judge of Macon County.

43   213
105a  ⁴482

1. STATUTE — *amendment of — how construed.* In construing a statute, it is a well settled rule, that the old law must be considered ; the mischiefs, inconveniences or hardships produced by it, and then, the remedy proposed by the amendatory law.

2. SAME — *construction of — act of* 1845 *not applicable to actions for torts.* The act of 1845, relating to insolvent debtors, was only applicable to that class of debtors, becoming so by contracts into which they may have entered, and not to arrests on *mesne,* or final process for torts.

3. SAME — *under amended act,* 1845 — *imprisonment* — *how effected.* Under the amendatory act of 1845, tort feasors could be imprisoned, if the plaintiff in the action was willing to, and did advance, weekly, the jail charges.

4. SAME — *right of insolvent debtor* — *extended to what class of tort feasors by the act of* 1861. By the act of 1861, the right to be dealt with as an insolvent debtor, was extended to all tort feasors, except those whose torts originated in malice, or where malice was the *gist* of the action.

THIS was an application for a peremptory mandamus against Samuel F. Greer, county judge of Macon county. The agreed facts in the case are as follows: In December, 1866, a *ca. sa.* was issued out of the Circuit Court of Macon county, upon a judgment before then recovered in said Circuit Court, against the relator, and in favor of one Peter Kob, in an action on the case, for an alleged seduction of Kob's daughter.

That by virtue of said writ of *ca. sa.* the relator was arrested, and, at his request, was taken by the sheriff before the defendant, the county judge of said Macon county. That thereupon, said relator filed his schedule, verified by affidavit, and moved said court to appoint an assignee and discharge him from custody; the proceedings being based upon the amendatory act of 1861, entitled, "Insolvent debtors." The court, upon consideration of the motion, denied the same, whereupon the relator, by his counsel, prayed an appeal to the Circuit Court of Macon county, which was also refused, and the relator remanded to custody.

Messrs. NELSON & ROBY and J. H. MATHENY, for the relator.

Mr. A. J. GALLAGHER, for the defendant.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The case presented by this record involves the construction of the act of 1861, amendatory of chapter 52 of the Revised Statutes, entitled "Insolvent debtors."

This amendatory act provides that in all cases where any person is or shall be imprisoned or arrested by virtue of final process issued upon a judgment rendered in an action of tres-

pass, or trespass on the case, when said action was founded on or grew out of a contract express or implied, and when malice was not the *gist* of said action, such person shall be entitled to release his or her body from such arrest or imprisonment, by scheduling and delivering up his or her property for the benefit of his or her creditors, including the judgment on which he or she is held, as aforesaid, in manner and pursuant to the provisions of chapter 52 of the Revised Statutes of 1845, entitled "Insolvent debtors." Laws of 1861, p. 178.

In construing a statute, it is a well settled rule that the old law must be considered, the mischiefs or inconveniencies or hardships produced by it, and then the remedy proposed by the new law or statute.

Under the act of 1845, debtors only could be discharged from imprisonment in the mode therein prescribed; that is, debtors becoming so by contracts into which they may have entered. This law was always held as solely and strictly applicable to that class of debtors; it had no application to arrests on *mesne* or final process for torts. *The People ex rel. Brennan* v. *Cotton,* 14 Ill. 414. Tort feasors could be imprisoned and confined in jail if the plaintiff in the action was willing to advance, and did advance, weekly, the jail charges. Amendatory act of 1845, Scates' Comp. 587.

This power over a wrong-doer was very great, and if a wealthy or revengeful man was the prosecutor, he had the right to incarcerate his victim, when he might have done the wrong complained of from mere inadvertence, and with no bad design. This being so, it was deemed proper by the legislature to place such delinquents on the same footing as debtors by contract, except in cases where the tort was malicious. A mere wrong, the legislature thought, should be atoned for in the same mode as a debt, and visited with a penalty no severer. Accordingly, to carry out this view, the act of 1861 was passed, by which the right to schedule and become as an insolvent debtor, was extended to all tort feasors, except those whose torts originated in malice, or where malice was the gist of the action. This, we think, was the intention of the legislature, expressed not in

the clearest language, but yet so clearly as to make the intention unmistakable.

The wrong for which the judgment was rendered against the relator, did not originate in malice; malice was not the gist of the action for which the recovery was had against him, consequently, under the act of 1861, he had the right to be dealt with as an insolvent debtor. A peremptory *mandamus* will issue to the defendant, the county judge of Macon county, as prayed for in the petition.

*Mandamus awarded.*