Mahler v. Sinsheimer.

---

## ADOLPH H. MAHLER ET AL.

### v.

## SIGMUND SINSHEIMER.

1. INSOLVENT DEBTOR—PRACTICE—APPEAL.—On an appeal of an insolvent debtor from a finding of the county court that malice was the gist of the action in which he had been arrested upon a *ca. sa.* a judgment of the circuit court, reversing such finding and judgment of the county court, and remanding the cause with directions to allow the debtor to schedule, etc., is final within the meaning of the statute granting appeals to this court.

2. SAME—REQUISITES FOR IMPRISONMENT.—A wrong and intention to commit the injury, are necessary to deprive the debtor of the right to a discharge from arrest and imprisonment.

3. SAME—PRACTICE—MALICE OFTEN DETERMINED FROM THE PLEADINGS.—When malicious torts are charged in the declaration, and the declaration is admitted by a default or proved at the trial so that a judgment for damages results, the declaration alone furnishes sufficient, and perhaps the only competent evidence that malice was the gist of the action.

4. SAME—BURDEN OF PROOF AS TO MALICE.—The burden of proof that malice was not the gist of the action, lies upon the debtor seeking release from arrest and imprisonment.

5. SAME—PRACTICE—RELEASE OF DEBTOR UNDER APPEAL BOND.—The release of a debtor on his appeal bond pending the appeal, is clearly contemplated by the statute.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding. Opinion filed December 8, 1886.

Messrs. MOSES, NEWMAN & REED, for appellants.

Messrs. FLOWER, REMY & GREGORY, for appellee.

BAILEY, J. Sigmund Sinsheimer, an insolvent debtor, filed his petition in the County Court of Cook county representing that he had been arrested upon a writ of *capias ad satisfaciendum* issued by the Circuit Court of Cook county upon a judgment in favor of Adolph H. Mahler and others for $590.45, and was in the custody of the sheriff under said writ, and was desirous of being released from said arrest and imprisonment by delivering up his property; and praying that such proceedings to that end be had as are prescribed by the laws of the State in relation to insolvent debtors. Said petition coming on to be heard in the county court, was denied, the court finding that malice was the gist of the action in which the *capias* was issued. The petitioner thereupon prayed and perfected an appeal to the circuit court, where a trial was had before the court and a jury, resulting in a verdict that malice was not the gist of the action, and that the debtor be allowed to schedule. Upon this verdict, the court rendered a judgment, reversing the judgment of the county court and remanding the cause to that court, with directions to allow said debtor to schedule, and also awarding said debtor his costs. From said judgment of the circuit court the creditors' have appealed to this court.

The appellee has moved in this court to dismiss the appeal on the ground that the judgment of the circuit court is not a final judgment. The judgment was a complete and final adjudication of the right of the debtor to be discharged from imprisonment upon surrendering his property. The case was not remanded to the county court for a new trial, nor would that court have any power to reconsider any of the questions determined by the circuit court. Nothing remained for the

county court to do but to obey the mandate of the circuit court. Under these circumstances we think the judgment was final within the meaning of the statute granting appeals to this court, and that the motion to dismiss should be denied.

The only evidence offered in the circuit court as to the nature of the suit in which the judgment against the insolvent debtor was rendered, and as to whether malice was or was not the gist of the action, was the record, consisting of the summons, declaration, court orders and judgment in said action, and on this evidence the court instructed the jury to find that malice was not the gist of the action. The principal question in the case is as to the propriety of that instruction.

The judgment was by default, and as no proof was made in this case as to the evidence heard upon the assessment of damages, the court below had nothing before it affording any light as to the nature of the plaintiff's action, but the declaration. The question then is, whether the declaration alone furnished such evidence of the nature of the grievance for which the damages were assessed that the court can say, by mere inspection of that document, that malice was not the gist of the action.

The declaration consists of four counts. The first two are counts in case for fraud in obtaining goods and merchandise of the plaintiffs by means of certain false and fraudulent representations. The third is in case for fraud in obtaining merchandise of the plaintiffs, with a preconceived design of not paying for it, and the fourth count is an ordinary count in trover.

In First National Bank v. Burkett, 101 Ill. 391, the Supreme Court defined the word "malice" as used in the statute in relation to insolvent debtors as follows: "It in some cases implies a wrong inflicted on another with an evil intent or purpose, and this is the sense in which it is employed in this statute. It requires the intentional perpetration of an injury or wrong to another. The wrong and intention to commit the injury are necessary to deprive the party of the right to a discharge from arrest and imprisonment." This definition was repeated and adhered to in the Murphy case,

109 Ill. 31, and must now be regarded as the settled interpretation of the word as used in the statute.

It is undoubtedly the law that in many cases the question whether malice is the gist of the action may be determined from a bare inspection of the pleadings, without reference to the evidence upon which the recovery was had. Many torts are in their nature malicious, within the above definition, and when such torts are charged in the declaration, and the declaration is admitted by a default or proved at the trial, so that a judgment for damages results, the declaration alone furnishes sufficient, and perhaps the only competent evidence, that malice was the gist of the action. Such would doubtless be the case with judgments recovered upon declarations charging libel, slander, malicious prosecution or other torts of which an affirmative intention or purpose to commit the injury is an invariable and necessary ingredient.

It would seem that in both the cases above cited, the Supreme Court determined the nature and gist of the action from the pleadings alone. In neither case is any reference made to extrinsic evidence, and we presume that none was given. The case of First National Bank v. Burkett, was an action on the case, in which fraud was averred in the declaration as the ground of action. The court held that actual fraud is, in its nature, an intentional wrong, and that it amounted in that particular case to little, if anything, short of a criminal act. In the Murphy case, the judgment was rendered in an action of assault and battery, and the court, after citing the statutory definition of an assault and battery, viz., "the unlawful beating of another," hold, in the language of Mr. Greenleaf, that "the intention to do harm is the essence of an assault."

But it has not been held, and can not be held, that every actionable tort is malicious. There are many torts for which an action will lie, where there is an entire absence of any intention or purpose to commit an injury. As a fair illustration of this class of torts, we may refer to injuries from mere negligence. In such cases there may be a total absence of intention on the part of the tort feasor to injure another,

and yet the injured party is entitled to his action.    It would be impossible to hold that malice is the gist of such actions. On the other hand, negligence may be of a character so gross as to raise an implication of express malice, and in such cases doubtless, under the doctrine established by the decisions above cited, malice might be held to be the gist of the action. It will then be seen that there may be cases where a mere inspection of the declaration is not sufficient to determine the character of the tort recovered for, as to being malicious or otherwise.    In such cases extrinsic evidence must necessarily be resorted to in order to determine that question.

In the present case the first three counts of the declaration were for obtaining the goods and merchandise of the plaintiffs by fraud, and come clearly within the rule laid down in First National Bank v. Burkett.    It can not be questioned then, that as to those counts, malice was the gist of the action. But as to the fourth count, which was a count in trover, the case is different.    Trover is an action to recover damages for the wrongful conversion of personal property.    The action presupposes that the taking or original possession of the defendant may be rightful, the tort or *maleficium* being confined simply to the conversion, which may consist of any act of dominion over the property which negatives or is inconsistent with the plaintiff's right.    It needs no argument to show that such conversion involves no evil intent or purpose within the definition adopted in First National Bank v. Burkett.

The damages recovered by the plaintiffs may have been assessed under all or under any one of the counts of the declaration. Three of these counts being for malicious torts and one for a tort which can not be held to be malicious, it is uncertain, from a mere inspection of the declaration, whether malice was the gist of the action in which the damages were recovered.

It being uncertain then under which count the damages were awarded, on whom was the burden of proof?    Was it incumbent on the creditors, in order to maintain the imprisonment of their debtor, to show affirmativly that the damages were assessed under the first three counts or one of them, and

thus establish the fact that malice was the gist of the action, or was it incumbent on the defendant, in order to secure his discharge, to prove that the damages were assessed under the fourth count and thus show that malice was not the gist of the action? The section of the statute under which the debtor seeks to obtain his discharge is as follows:

"When any person is arrested or imprisoned upon any process issued for the purpose of holding such person to bail upon any indebtedness, *or in any civil action when malice is not the gist of the action*, or when any debtor is surrendered or committed to custody by his bail in any such action, or is arrested or imprisoned upon execution in any such action, such person may be released from such arrest or imprisonment upon complying with the provisions of this act."

Here is a right given by statute with an exception or proviso in the very clause in which the right is conferred. The right is, to be discharged from arrest or imprisonment on complying with certain conditions, in all cases excepting those where malice is the gist of the action. Upon whom is there the burden of showing that the case is not within the exception? Clearly upon the person who is seeking to avail himself of the right. Mr. Chitty says: "In pleading upon statutes, when there is an exception in the enacting clause, the plaintiff must show that the defendant is not within the exception, but if there be an exception in a subsequent clause, that is matter of defense, and the other party may show it." 1 Chitty on Plead., 247; Clough v. Shepherd, 31 N. H. 490; Gould v. Kelly, 16 Id. 551.

This rule has frequently been applied in this State, both as a rule of pleading and as a rule of evidence. Thus, in T., P. & W. Ry. Co. v. Lavery, 71 Ill. 722, where the question was one of evidence simply, the court held that a plaintiff relying on a statute for a recovery, need only negative the exceptions in the enacting clause, and it is for the defendant to show, by way of defense, that the case falls within an exception in some other clause of the statute. See also, C., B. & Q. R. R. Co. v. Carter, 20 Ill. 390; Hyman v. Bayne, 83 Id. 256.

We are inclined to the opinion that, under well recognized

rules of law, it was open to the parties to show under .which count the damages were assessed.    This would in no way trench upon the binding force of the judgment as an estoppel.    It appearing from the face of the record that the recovery may or may not have been upon a count where malice was the gist of the action, it was for the petitioning debtor, who was seeking to avail himself of the right given by the statute, to show that the case was within the proviso of the statute, that is, that he was imprisoned in a civil action, where malice was not the gist of the action.    As he failed to make such proof, the court was clearly in error in charging the jury to find that malice was not the gist of the action, and the verdict of the jury so finding was not supported by the evidence.

Error is assigned upon an order of the circuit court releasing the debtor from arrest on his appeal bond pending the appeal. The appeal bond was in accordance with the requirements of the statute allowing appeals from the county court in proceedings of this character, and we are of the opinion that the release of the debtor on his appeal bond pending the appeal, is clearly contemplated by the statute.    One of the prescribed conditions of such appeal bond is, that the debtor appear before the circuit court, in case the judgment of the county court is affirmed in whole or in part, and abide whatever decision the circuit court shall make.    The statute requiring a bond for the appearance of the debtor, clearly contemplates his release pending the appeal.    This seems to be settled by People v. Hanchett, 111 Ill. 90.

For the error of the court in the instruction to the jury, the judgment will be reversed and the cause remanded to the circuit court for further proceedings.

Judgment reversed.