## Samuel Kitson
### v.
## John V. Farwell et al.

*Insolvent Debtors—Imprisonment—Petition for Release—Chap. 72, R. S.—Malice—Evidence—Former Adjudication—Fraud—Practice.*

1. Upon the petition of an insolvent debtor to be released from imprisonment under Chap. 72, R. S., it is proper to permit the arresting creditors to introduce in evidence the record and files in the case wherein the writ on which the petitioner was arrested was issued, to show that malice was the gist of the action.

2. In the case presented, the declaration having been so framed that the verdict necessarily found malice to be the gist of the action, the court holds the judgment to be final, both as to questions of law and fact there decided.

3. Formal and specific objections to the introduction of evidence to save all rights, must be made when the same is offered.

4. The trial court may allow the introduction of evidence out of its usual order, in order to economize time.

[Opinion filed March 13, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Arba N. Waterman, Judge, presiding.

Messrs. Bisbee, Ahrens & Decker, for appellant.

Messrs. Tenney, Bashford & Tenney, for appellees.

Garnett, P. J.   Appellant filed his petition in the County Court, praying to be released from imprisonment, in pursuance of Chap. 72 of the Revised Statutes.   He was arrested by virtue of a *capias ad satisfaciendum* issued on a judgment for $5,882.54 in favor of appellees.

At the trial of the issue under the petition, the County Court found malice was the gist of the action in which the judgment was rendered, denied his prayer and dismissed the petition.   On appeal by Kitson to the Circuit Court, the cause

was tried before the court and a jury, a verdict being rendered against Kitson by direction of the court; judgment of the County Court was affirmed, and that court was directed to remand him to the custody of the sheriff, and Kitson brings this appeal from that order.

Before the petitioner rested his case, the court permitted appellees to offer in evidence the record and files in the case in which the judgment was rendered, for the purpose of proving that malice was the gist of the action. The method adopted by the court may be justified on the ground that it was an economy of time, and could not in any event harm the appellant. The same result must have been reached had the court permitted appellant first to introduce his evidence. Any quantity of parol evidence in contradiction of the record, in the end must have been ruled out, thus leaving appellant no evidence to go to the jury. That this waste of time was declined by the court and the conclusion of the trial hastened, can not be made the ground of just complaint.

When the record and files of the suit were offered in evidence, petitioner's counsel said: "I do not concede that that is the record;" but made no formal or specific objections to their introduction. The contention now is that the court erred in not requiring the appellees to identify the record and files before receiving them in evidence. The objection now comes too late. Doyle v. Village of Bradford, 90 Ill. 416; 1 Thompson on Trials, Secs. 693, 694.

Each count of the declaration was so framed that the verdict necessarily found malice was the gist of the action. That question having once been litigated between the parties, the judgment is final both as to the questions of law and fact there decided. Harmon v. Auditor, 123 Ill. 122.

Another error assigned by appellant is based on the ruling of the court which excluded the offer of appellant to prove that the debt which was the foundation of the judgment was not incurred by any fraudulent or false representations made by Kitson; that there was no fraudulent intention on his part; that he made no representations except such as he had a right to believe to be true, and that when he purchased the goods

he bought them in good faith, intending to pay for them.   Each fact presented by this offer is a direct contradiction of the facts alleged in some one count of the declaration, and the evidence could not be received without a plain departure from the doctrine of *res adjudicata*.   The argument now urged by counsel for appellant, that they might have proved that the fraud set forth in the declaration was perpetrated by Kitson's agent or partner, and that he, personally, had nothing to do with it, is an effort to extend the scope of the offer.   What the effect of such proof would be need not be considered, as no tender thereof was made.   On the contrary, the presumption is that Kitson and his counsel knew the facts in the case, and that the offer was made in terms as favorable to him as the facts would warrant.   The order is affirmed.

*Order affirmed.*