Kitson v. Ellinger.

## SAMUEL KITSON

### v.

## ALBERT ELLINGER.

*Exemptions—Capias—Imprisonment—Petition for Release—Act of 1872
—Evidence—Pleading—Execution—Irregularity in Issuance of—Waiver.*

1.    A verdict and judgment based upon a count in a declaration setting
forth that the defendant purchased certain goods, " falsely pretending that
he wished to buy on credit and pay for the goods, when in fact he intended
not to pay for them," will not warrant the issuance of a *ca. sa.* against the
body of the said defendant.

2.    It is admissible in a case of this character for the defendant to show,
that on the trial of the case in which the *ca. sa.* issued, the evidence was
such that the verdict was necessarily upon a given count.

3.    If the point upon which a case turned in the trial court appears, this
court may review it, although the mode in which it appears is out of the
usual course.

[Opinion filed December 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon.
RICHARD W. CLIFFORD, Judge, presiding.

Messrs. BISBEE, AHRENS & DECKER, for appellant.

Messrs. HOFHEIMER, ZEISLER & ROSENBERG, for appellee.

GARY, P. J. The appellant, being in custody under a *ca. sa.*, petitioned the County Court to be discharged from arrest by delivering up his property, pursuant to the provisions of the act of 1872, concerning insolvent debtors. The judgment upon which the *ca. sa.* issued was based upon a declaration containing three counts; the first alleging that he procured the sale of goods to himself upon credit by false representation as to his capital, and the other two that he procured such sale by falsely pretending that he wished to buy on credit and pay for the goods, when in fact he intended to not pay for them. That a verdict and judgment based upon either of the two last counts would not warrant the issuing of the *ca. sa.*, is decided in People v. Healy, 128 Ill. 9. Whether, in Mahler v. Sinsheimer, 20 Ill. App. 401, or in the case of this appellant, 30 Ill. App. 341, there is anything inconsistent with that position it is unnecessary to inquire, as this decision of the Supreme Court, besides being of paramount authority, is later than the cases in this court. But the case of Mahler v. Sinsheimer, 20 Ill. App. 401, does decide that where, as in the original case here, a recovery is had by a general verdict upon a declaration containing several counts, it is competent to show under which count the damages are assessed. And this is in accordance with general law. 1 Greenl. Ev., Sec. 532; 2 Taylor's Ev., Sec. 1701, p. 1453; 2 Ph. Ev., Cow. & H. Notes, 22 *et seq.*, side paging.

The petition of the appellant having been denied in the County Court, he appealed to the Circuit Court, and on a trial before a jury there, offered to show that the evidence in the case in which the judgment was obtained was not to the effect that the goods were obtained by any fraudulent representations.

This offer was rejected by the Circuit Court, and the appellant excepted. The record recites: "The court holds in this case that the petitioner is estopped from denying that malice is the gist of the action, because of the pleadings in the original suit;" to which also the appellant excepted. Perhaps such a declaration of the law, by the court, in a jury trial, if not followed by an instruction, could not be assigned as error,

even if not correct; but this was followed by a peremptory instruction against the appellant. There is no need, therefore, to call in aid the decisions in Lowe v. Moss, 12 Ill. 477, and Gauche v. Mayer, 27 Ill. 134, holding that if the point upon which a case turned below appears, the Appellate Court may review it, though the mode in which it appears is out of the usual course.

It was admissible for the appellant to show that on the trial of the case in which the *ca. sa.* issued, the evidence was such that the verdict was necessarily on one of the counts other than the first.

If that was shown, the appellant would be entitled to avail himself of the provisions of the insolvent act by giving up all his property. If there was any irregularity in issuing the execution in such case, while the County Court could not take cognizance of the irregularity, the appellant might waive it, submit to the execution, and obtain the relief the act gives " when malice is not the gist of the action." Mahler v. Sinsheimer, 20 Ill. App. 401.

The case having been tried in the Circuit Court upon the theory opposite to that here presented, the judgment is reversed and the cause remanded.

*Reversed and remanded.*