No. 342.

## CRAUMER ET AL. *v.* MCENDERFFER ET AL.

COSTS.—*Taxation of.*—*Action of Trover.*—Where the unlawful conversion of the property is the *gravamen* of the action, it is an action of trover, and if the plaintiff recovers more than five dollars the costs of the action should be taxed against the defendant. See section 592, R. S. 1881. *Taylor* v. *Blount*, 7 Blackf. 38, distinguished.

From the Huntington Circuit Court.

*J. F. Alexander, J. M. Hatfield* and *E. E. Kelsey*, for appellants.

*J. B. Kenner*, for appellees.

CRUMPACKER, J.—Craumer and Craumer sued McEnderffer and Doub, in the Huntington Circuit Court, for damages for the alleged unlawful conversion of a buggy.

A verdict was returned in favor of the plaintiffs and against McEnderffer for twenty-three dollars, but the jury found for the defendant Doub.

The plaintiffs had judgment against McEnderffer for the amount of the verdict and the costs, but afterwards, on motion of said defendant, the court ordered all the costs taxed against the plaintiffs, from which order they appeal.

The complaint upon which the recovery was had is as follows:

" Plaintiffs complain of defendants and say that on the — day of ———, 1888, plaintiffs were lawfully possessed as of their own property, and were the owners of one buggy of the value of one hundred dollars; that on said day defendants took and carried away said property and unlawfully converted and disposed of the same to their own use; whereby plaintiffs were damaged in the sum of two hundred dollars, for which they demand judgment."

The issues were formed by the general denial.

As we understand counsel, the court held that the action was for a money demand on contract, and taxed the costs to

the appellants because the recovery was less than fifty dollars, under section 591, R. S. 1881.

Section 590 of the code, provides that, " In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law."

Section 591 provides that in actions for money demands on contract, commenced in the circuit or superior court, the plaintiff shall pay the costs if he recovers less than fifty dollars, unless the recovery was reduced below that amount by set-off or counter-claim.

It is true that, as a rule in cases for the wrongful conversion of chattels, the owner may waive the tort and sue for the value of the property *ex contractu;* but where he elects to sue for the tort costs must be awarded accordingly.

We must look to the pleadings only to ascertain the nature of an action, as the recovery must be based thereon and the evidence limited thereby.

As we view the case before us, it is an action of trover. It combines some of the elements of the common law action of trespass *de bonis asportatis,* but the unlawful conversion seems to be the *gravamen* of the complaint, and this is the distinguishing feature of the action of trover.

Whether the gist of the action be for the unlawful taking and carrying away, or the wrongful conversion of the property, it is a tort. Both of these actions have always been classified as *ex delicto* under the statutes as well as the common law, and in this case costs should have been awarded under the provisions of section 592 of the code, instead of section 591.

*Taylor* v. *Blount,* 7 Blackf. 38, is cited by appellees' counsel, wherein it was held that in actions of trover commenced in the circuit court, the plaintiff was liable for costs where his recovery was less than fifty dollars. But that decision was based upon the peculiar provisions of the statutes of 1838, conferring jurisdiction upon justices of the peace

specially in such actions, and can not be accorded a controlling influence in the determination of the question involved in this appeal.

The fact that McEnderffer, the principal defendant, was a resident of another county is immaterial. This action was for a tort and the recovery was more than five dollars, and both defendants appeared and made no objection to the jurisdiction of the court.

The cost of the reporter's long-hand manuscript of the evidence, which is unnecessarily in the record, should be taxed to the appellants.

Judgment reversed, at appellees' costs, with instruction to overrule the motion to tax costs to appellants.

Filed Sept. 29, 1891 ; petition for a rehearing overruled Oct. 17, 1891.