## Jacob Blattau v. Henry Evans and Richard Evans.

1. PRACTICE—*Names of Actions.*—A suit before a justice of the peace is not such an action as he may see fit to call it. There being no written pleadings, it is what the evidence makes it. If the evidence is entirely concerning an alleged unlawful detention of personal property, calling such action debt or assumpsit, or writing such a memorandum in the justice's docket, does not change the nature of the action.

2. INSOLVENTS—*Discharge—Burden of Proof.*—In proceedings for discharge under the insolvent debtor's act the burden of proof is upon the petitioner.

3. SAME—*Discharge—Malice the Gist of the Action.*—In an action a jury returned a verdict that the defendant was guilty of unlawfully converting to his own use the property of the plaintiff with intent to injure and defraud, etc. And the court rendered a "judgment in trover." *Held,* that the verdict of the jury was equivalent to a finding that malice was the gist of the action.

**Memorandum.**—Proceedings under the insolvent debtor's act. Appeal from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Submitted at the October term, 1894. Affirmed. Opinion filed January 10, 1895.

APPELLANT'S BRIEF, GILRAY & COPE, ATTORNEYS.

The statute, Sec. 122, Chap. 79, provides as follows :

" It shall be the duty of every justice, whenever suit shall

be commenced before him, to record in a well-bound book, kept for that purpose, the names of the parties, the amount and nature of the debt sued for, the date and description of the process issued," etc.

"When the parties shall appear and be ready for trial, the justice shall proceed to hear their respective allegations and proofs," etc. "If the action is for a tort, the judgment shall be for the plaintiff, for the damages proved and costs of suit." R. S., Sec. 35, Chap. 79.

There are no written pleadings before a justice, but still it is incumbent on the defendant to state his defense in that court before the commencement of the trial, so that the party may have notice of it, and it is the duty of the justice to note down in his docket, the substance of the defense thus stated, so that if subsequent occasion should require it, it may be shown what were the questions before the justice. Bates v. Buckley, 2 Gil. 393.

The Insolvent Debtor's Act provides:

That when any person is arrested or imprisoned upon any process issued, or in any civil action where malice is not of the gist of the action, or is arrested or imprisoned upon execution in any such action, such person may be released from arrest or imprisonment upon complying with the provisions of this act. R. S., Sec. 2, Chap. 72.

Malice implies a wrong inflicted on another with an evil intent or purpose. First Nat. Bank of Flora v. Burkett, 101 Ill. 39; Kilson v. Farwell, 132 Ill. 327.

The gist of the action is the cause, ground or foundation of the suit, without which it will not lie, or in other words, the ground essential to give rise to the cause of action.

The first question arising on this record is, what is the action which was tried. Forms of action are not regarded in justice courts, but the distinction in substance remains the same as in courts of record. In lieu of a written declaration, the law requires a statement of the claim of the plaintiff, and an entry on the docket of the amount and nature of the debt sued for; and such entry, when made, in pursuance of the statute, is conclusive of matters therein stated. Garfield v. Douglass, 22 Ill. 100.

But the jury can not, by their verdict, change the cause of action or the claim made; they could not do so in a court of record, and their power is not more extensive in a justice court; nor is it a function of the verdict of the jury to describe or define the action. The proper and usual form of verdict contains no special findings, except on trials in courts of record, where, under the statute, special findings are directed by the court. This record clearly does not show any change in the claim or demand made before the case was submitted to the jury. It was too late to amend afterward; and the entry on the docket of the justice, that he rendered judgment "in trover," is not a record of a change in the action or claim. The words "in trover" inserted after the word "judgment," have no significance, since the judgment is precisely the same, whether the action be assumpsit, trover, trespass or case. Furthermore, an action of assumpsit may be established by the same evidence that would sustain an action of trover—in other words, assumpsit lies for the value of property converted, even though the property has not been sold, and the facts as recited in the finding of the jury in this case, are entirely consistent with a claim made in assumpsit. Elgin v. Joslyn, 136 Ill. 532.

Malice is the gist of an action only when an evil intent must be directly charged, or where the material description of the injury necessarily includes or implies an evil intent or wrongful purpose. 2 Hill on Torts, 110.

APPELLEES' BRIEF, JONES, SAMUELS & CULVER, ATTORNEYS.

It is quite immaterial, under our statute regulating and defining the duties of justices of the peace, what form of action may be specified in the summons. The great inquiry always is, had the justice of the peace jurisdiction of the subject-matter before him? Brewster v. Grover, 29 Ill. 248. See, also, Town of Jacksonville v. Block, 36 Ill. 507; Thompson v. Sutton, 51 Ill. 216; Vaughn v. Thompson, 15 Ill. 39; Powell v. Feeley, 49 Ill. 143.

Where a plaintiff sues before a justice of the peace, he

need not name his action, or even if he mistakes the name, it will not affect his right to recover. In such a case the question is, whether the justice of the peace has jurisdiction of the parties and the subject-matter of the suit, and a right of recovery is shown; if so, he must have judgment. Pollock v. McClurken, 42 Ill. 375; Allen v. Nichols, 68 Ill. 250.

The question of malice is one of fact, and the verdict of the jury in this case was conclusive on that point. In re Murphy, 109 Ill. 31; First National Bank of Flora v. Burkett, 101 Ill. 392.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a proceeding arising under a petition by an insolvent debtor for leave to schedule, and that he be discharged from imprisonment, his allegation being that malice was not the gist of the action upon the judgment under which he had been imprisoned.

When the hearing in the County Court was had upon such petition, appellant offered no evidence tending to show that malice was not the gist of the action which had resulted in the judgment against him.

He rested his case entirely on a memorandum in the docket of the justice of the peace who rendered the judgment, which memorandum was merely the word "assumpsit" placed opposite the title of the cause.

From this memorandum it may perhaps be said to fairly appear that the justice of the peace at some time during the trial called the action one of assumpsit. A suit before a justice of the peace is not such action as he may see fit to call it; but there being no written pleadings, it is such as the evidence makes it. If the evidence were entirely concerning an alleged unlawful detention by the defendant of personal property, the possession of which the plaintiff sought to recover, calling such action debt or assumpsit, or writing such memorandum in the justice's docket would not make it other than a suit of replevin. Block v. Blum, 35 Ill. App. 643; Steele v. Hill, 35 Ill. App. 211; Swingley v. Haynes, 22 Ill. 214.

There is the authority of a great man, Abraham Lincoln, that calling a calf's tail a leg does not make it a leg.

In proceedings for discharge under the insolvent debtor's act the burden is upon the petitioner.    Mahler et al. v. Sinsheimer, 20 Ill. App. 401.

The transcript of the justice showed that the jury returned the following as their verdict:

"We, the jury, find the defendants guilty of wrongfully and unlawfully converting to their own use the property of the plaintiffs, with the intent to injure and defraud the plaintiffs to the damage of the plaintiffs, of the sum of eighty-three dollars and seventy-three cents."

Whereupon the court rendered judgment against the defendants, a "judgment in trover."

The verdict of the jury was equivalent to a finding by it that malice was the gist of the action.    First Nat. Bk. of Flora v. Burkett, 101 Ill. 392; In re Murphy, 109 Ill. 31; In re Mattin, John Mullin et al., 20 Ill. App. 654.

Appellant having failed to show that malice was not the gist of the action against him his petition was properly denied.

The judgment of the Circuit Court is affirmed.