## Willard N. Penoyer v. The People of the State of Illinois.

1. WORDS AND PHRASES—*The Gist of the Action.*—" The gist of the action " has been defined to mean the cause for which an action will lie; the ground or foundation of a suit, without which it would not be maintainable; the essential ground or object of a suit, and without which there is not a cause of action.

2. SAME—*Meaning of " Malice" as Used in Chap. 72, Sec. 2, R. S.*— The term " malice " as used in Chap. 72, Sec. 2, R. S., implies a wrong inflicted on another with an evil intent or purpose.

3. ACTIONS—*Nature of Cause of Action is Shown by Declaration.*— In order to ascertain the nature or cause of an action so as to determine whether it is a tort, it is necessary to look to the allegations of the declaration, rather than to the form of action adopted by the pleader.

Assumpsit.—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed January 16, 1903.

Appellant was sued in the Circuit Court by one George B. Adams, who filed his affidavit pursuant to Chap. 16, Rev. Stat., setting forth the nature or cause of the action, and alleged facts tending to show that appellant fraudulently incurred the obligation respecting which the suit was brought, and that affiant verily believed the benefit of whatever judgment he might obtain, would be in danger of being lost unless appellant should be held to bail. A *capias ad respondendum* issued, and appellant was held to bail. Subsequently a declaration was filed setting up substantially the same facts stated in the affidavit for *capias.*

Appellant, after demurrer, pleaded to the declaration. The case was heard before a jury which found the issues for the plaintiff and specially found appellant guilty of fraud as charged in the declaration. Judgment was rendered on the verdict and a *capias ad satisfaciendum* issued pursuant to Sec. 5, Chap. 77, R. S. Appellant was arrested and subsequently petitioned for discharge under the Insolv-

ent Debtor's Act (R. S., Chap. 72). Upon hearing he was remanded to custody and appeals from that order.

WILLIAM T. McMILLAN and HUBERT D. CROCKER, attorneys for appellant.

CRATTY, JARVIS & LATIMER, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The statute known as the Insolvent Debtor's Act provides: "Where any person is arrested or imprisoned upon any process issued for the purpose of holding such person to bail upon any indebtedness, or in any civil action when malice is not the gist of the action, or when any debtor is surrendered or committed to custody by his bail in any such action, or is arrested or imprisoned upon execution in any such action, such person may be released from such arrest. or imprisonment upon complying with the provisions of this act." R. S., Chap. 72, Sec. 2.

Upon application made in the County Court by appellant for discharge, the record of the cause in the Circuit Court which resulted in his imprisonment under a writ of *capias ad satisfaciendum*, was introduced in evidence, and the County Court held that the pleading in that cause did not show that malice was the gist of the action. Thereupon, under section 5 of the act last referred to, the question whether petitioner was guilty of the fraud charged, was a second time submitted to a jury. That jury found appellant guilty and he was remanded to custody.

If malice was the gist of the civil action in the Circuit Court which resulted in his imprisonment, appellant was not entitled to release from such imprisonment under the statute. The People v. Greer, 43 Ill. 213. We are unable to concur in the view of the County Court that malice is not shown by the record of the Circuit Court introduced in evidence to have been "the gist of the action." In First National Bank of Flora v. Burkett, 101 Ill., p. 391, this phrase has been defined to mean, "the cause for which an action will lie; the ground or foundation of a suit, without

which it would not be maintainable; the essential ground or object of a suit, and without which there is not a cause of action." The term "malice" is also there defined, and it is said that in some cases it "implies a wrong inflicted on another with an evil intent or purpose, and this is the sense in which it is employed in this statute," referring to the section we are considering. See also, Kitson v. Farwell, 132 Ill. 327-338. In order to ascertain the nature or cause of an action so as to determine whether it was a tort committed by appellant, we must look to the allegations of the declaration, "rather than to the form of action adopted by the pleader." The People v. Healy, 128 Ill. 9-14. The statute (R. S., Ch. 16, Sec. 1) mentions "actions on verbal contracts or assumpsits at law" among those enumerated in which a *capias ad respondendum* may issue. Where the affidavit upon which such *capias* was issued is introduced, such evidence is, we think, also competent for consideration to ascertain the nature of the action. Extrinsic evidence may be considered. Sawyer v. Nelson, 160 Ill. 629-631. A judgment upon which *capias* issued was rendered in an action of assumpsit recovered under a declaration containing only the common counts, in The People v. Hoffman, 97 Ill. 234-235.

The suit in the Circuit Court in the case at bar was assumpsit, and the declaration sets forth at length the cause of action, as does the affidavit upon which the *capias ad respondendum* issued at the commencement of the action. It is not denied by appellant's attorneys that the facts as alleged in the declaration show an "intentional perpetration of an injury or wrong" on the plaintiff in that action; that the declaration sets forth conduct on the part of appellant, which, if proven, would constitute such wrong and intention to commit an injury as would suffice "to deprive the party of the right to a discharge from arrest or imprisonment" (First Nat. Bank v. Burkett, *supra*); but it is said that "the gist of the action of assumpsit is no other than a promise, express or implied," and hence it is argued malice can not be the gist of the action; that by suing

in assumpsit, the plaintiff waived any tort appellant may have committed and was precluded thereafter from treating appellant as a wrong-doer. No doubt a party may waive a tort and elect to accept the wrong-doer as a contract debtor (Birdsell Mfg. Co. v. Oglevee, 187 Ill. 149–151); but it is equally clear that in the case before us the plaintiff did not do anything of the kind. As is said in Barney v. Chapman, 21 Fed. Rep. 903, where the question here presented is considered, " While the action is in form *ex contractu*, the gravamen and gist of the action is a tort clearly set out by the averments in the declaration;" and it is said " the right of action arises from the tort stated and not from the promise averred." It is said in Nevin v. Pullman Palace Car Co., 106 Ill. 222–236, where it was contended the plaintiff had misconceived his form of action, that " assumpsit is a concurrent remedy with case, in all cases where there is an express or implied contract." It may be that an action on the case founded in tort would be a more proper form of action, but assumpsit upon the promise implied by law is maintainable and is not unusual. Chitty on Pleadings, Vol. 1, star page 135. In the case before us the promise is implied from the fraud stated in the declaration, and the malice—*malus animus*—not merely the promise which the law implies therefrom, is the gist of the action.

It appearing, therefore, that malice was the gist of the action in the Circuit Court, which resulted in appellant's being held under the *ca. sa.*, he was not entitled to the benefit of the Insolvent Debtor's Act, and it was error to again submit to a jury the question whether he was guilty of such fraud as he was charged with, and of which he had been found guilty in the Circuit Court. That question was not open to review in the County Court. It was *res adjudicata.* " The former judgment when introduced in evidence was conclusive as to every matter directly and properly at issue in that suit." Kitsen v. Farwell, *supra.*

But the proceedings in the County Court which resulted in a second verdict of guilty, and in remanding appellant again to the custody of the sheriff, did no harm. They

may be regarded as merely superfluous. Appellant can not complain, since the result is the same as if he had been remanded without a second hearing before a jury. The remanding order itself was correct, and it is not made erroneous because it followed upon a wrong conclusion or procedure by the County Court.

The judgment will therefore be affirmed.