# In the Matter of the Petition of William H. Mansfield.

## Gen. No. 11,711.

1.  MALICE—*as used in Insolvent Debtor's Act, defined.*  Malice, as used in the Insolvent Debtor's Act, applies to that class of wrongs which are inflicted with an evil intent, design or purpose; it implies that the guilty party was actuated by improper or dishonest motives and requires the intentional perpetration of an injury or wrong upon another.

2.  MALICE—*when, not gist of action.*  Where the character of the action is determined by the verdict and such verdict is to the effect that the defendant was "guilty of wrongfully converting to his own use the goods of the plaintiff," the action is one of trover and malice does not appear as the gist thereof.

3.  GIST OF ACTION—*defined.*  The gist of an action is the essential ground or principal subject-matter without which the action could not be maintained.

Petition for discharge under Insolvent Debtor's Act. Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed May 16, 1905.

**Statement by the Court.** William H. Mansfield filed in the County Court his petition under . the Insolvent Debtor's Act to be released from arrest and imprisonment under an execution against his body, issued by a justice of the peace upon a judgment recovered before him by the Brower-Wanner Company against the petitioner. Upon the hearing the County Court ordered that the petitioner be discharged, and from that order the judgment creditor prosecutes this appeal. The transcript of the justice shows that August 24, 1903, appellant brought before him an action in trover against appellee; that the defendant was duly served with summons, but did not appear; that the plaintiff demanded a trial by jury, and a jury was impanelled, which returned the following verdict: "We, the jury, find the def. guilty of wrongfully converting to his own use the goods of the plaintiff of the value of $82.74; " that upon this verdict the justice entered a judgment "that the plaintiff have and recover of the said defendant the sum of $82.74 and costs of suit, and judgment in trover ordered and entered thereon."

FREDERICK ULLMAN and NICHOLAS W. HACKER, for appellant.

JOHN C. TRAINOR, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Section 3 of the Justices and Constables Act provides, that a justice may issue an execution against the body of the defendant " upon all judgments in actions of tort." Section 2 of the Insolvent Debtor's Act provides for the release of a debtor arrested or imprisoned under such an execution when the same was issued upon a judgment " in any civil action when malice is not the gist of the action."

It may be difficult to see any good reason why one rule should apply to the issuing of an execution against the body of a defendant, and another to his petition in the County Court to be released from arrest; why such a writ may issue upon " all judgments in actions of tort," but defendant arrested upon such writ must be discharged from arrest where the writ was issued upon a judgment in any civil action " when malice was not the gist of the action; " but these are questions for the legislature to determine.

Malice as used in the Insolvent Debtor's Act, "applies to that class of wrongs which are inflicted with an evil intent, design or purpose. It implies that the guilty party was actuated by improper or dishonest motives and requires the intentional perpetration of an injury or wrong upon another. (First National Bank v. Burkett, 101 Ill. 391; Kitson v. Farwell, 132 Ib. 327.) * * * The gist of an action is the essential ground or principal subject-matter, without which the action could not be maintained. Gould's Pl., chap. 3, sec. 8;. First Nat. Bank of Flora v. Burkett, *supra.*" Jernberg v. Mix, 199 Ill. 254–256.

By the verdict in this case the defendant was found guilty of " wrongfully converting to his own use goods of the plaintiff " of a certain value. This was a verdict in trover, not a verdict in an action on the case for fraud, deceit or other intentional wrong or injury done or perpetrated by the defendant upon the plaintiff. The judgment was a judgment in trover—not because the justice called it a judgment in trover, but because the verdict was a verdict in trover, because the wrong, the tort, of which the defendant was found guilty, was the wrongful conversion by him of the goods of the plaintiff, and the judgment rests upon and must be held to conform to the verdict and to be the judgment that is in law proper upon the verdict.

Malice is not the gist of an action of trover. Jernberg v. Mix, *supra*; Mahler v. Sinsheimer, 20 Ill. App. 401.

A wrongful intent is not an essential element in a conversion. Pease v. Smith, 61 N. Y. 477.

When a judgment is rendered in an action begun in a

court of record, we look to the record only to determine whether malice was of the gist of the action, except in cases where there are several counts in the declaration, some alleging matters which make malice the gist of the action and others seeking recovery upon different ground. In such cases it has been held that resort may be had to extrinsic evidence to determine upon what count recovery was had. Mahler v. Sinsheimer, *supra;* Smith v. Henry, 46 App. 42; Masterson v. Furman, 89 Ill. App. 291.

In a suit before a justice of the peace there are no written pleadings. The action is such as the evidence makes it, and if the plaintiff proves any ground of recovery of which the justice has jurisdiction, he is entitled to a judgment. Allen v. Nichols, 68 Ill. 250.

It may be that in case of a general finding and judgment of guilty by a justice, or of a judgment upon a verdict of guilty by a jury in a justice court, which would be responsive and proper, as well in an action of tort of which malice was, as in one of which malice was not the gist, resort may be had to extrinsic evidence to determine whether malice was or was not the gist of the action in which such judgment was rendered. But the verdict in this case was not a general verdict of guilty, but a verdict that the defendant was "guilty of wrongfully converting to his own use the goods of the plaintiff." The character of the act which constituted the conversion depended upon the intent with which such act was done. If it was done fraudulently with intent to injure and defraud the plaintiff, then it in law was done maliciously. If it was not done fraudulently with intent to injure or defraud the plaintiff, then, although wrongful, it was not malicious, and the plaintiff could not recover damages therefor in an action of which malice was the gist. If the act of conversion was fraudulent, done with intent to injure and defraud the plaintiff, then the plaintiff might bring an action on the case therefor of which malice was the gist, or bring an action of trover of which malice was not the gist, or waive the tort and sue in assumpsit. The verdict of the jury in this case was, we think, a finding by it that malice was not the gist of the action as the verdict

in Blattau v. Evans, 57 Ill. App. 311, whereby the jury found " the defendants guilty of wrongfully and unlawfully converting to their own use the property of the plaintiffs with the intent to injure and defraud the plaintiffs," was a finding that malice was of the gist of the action.

In our opinion the verdict and judgment shown by the transcript in evidence, show conclusively that the action in which the recovery was had was trover and therefore not an action of which malice was the gist, and the petitioner was therefore entitled, under the Insolvent Debtor's Act, to be released from imprisonment.

There is in the record, much evidence, some offered by appellee, some by appellant, as to the transactions between the parties out of which it is said the cause of action arose, but no evidence other than the justice's transcript of the evidence or proceedings before the justice.

The question before the County Court was not as to the character of the cause or causes of action which existed in favor of the plaintiff and against the defendant, but was as to the character of the action in which the judgment was rendered, to the end that it might be determined whether malice was or was not the gist of that action.   If extrinsic evidence was admissible, it was evidence as to what occurred before the justice, of what evidence was there heard.   If the judgment was rendered in an action of which malice was not the gist, the petitioner was entitled to be released from his imprisonment upon an execution issued upon that judgment, although there existed in favor of the plaintiff and against the defendant a cause of action, growing out of the same transaction, of which malice was the gist, upon which the plaintiff might have recovered judgment against the defendant.

In the view we take of this case the evidence as to the transactions between the parties out of which the cause of action arose, was not admissible, but as the petitioner was upon the transcript alone entitled to be released from imprisonment, such evidence was not harmful to appellant.

The order of the County Court will be affirmed.

*Affirmed.*