Ettinger v. Norton.

## I. B. Ettinger et al. v. Joel H. Norton.

### Gen. No. 12,911.

1. DECLARATION—*what treated as surplusage.* A statement of the pleader's opinion as to the legal effect of the transaction set forth raises no issue and will be treated as surplusage.

2. MALICE—*when not gist of action.* Malice is not the gist of an action where a recovery may be had under the declaration by proof of ownership of the property referred to in the declaration coupled with proof that it came into the possession of the defendant and was by him converted to his own use.

Petition under Insolvent Debtors Act. Appeal from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed February 19, 1907.

ROSENTHAL, KURZ & HIRSCHL, for appellants.

F. W. WINKLER, for appellee; L. W. HOLDER, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellee was arrested on a *ca. sa.* issued out of the Superior Court upon a judgment obtained in that court in an action in which the following declaration was filed:

"David Keller, I. B. Ettinger and Henry J. Fink, copartners as Keller, Ettinger & Fink, by Rosenthal, Kurz & Hirschl, their attorneys, by leave of court, file this their amended and substituted declaration, hereby withdrawing all declarations heretofore filed, and complain of the defendant, Joel H. Norton, of a plea of trespass on the case:

"For that whereas, the plaintiffs, on, to wit, August 12, 1896, in the county aforesaid, were lawfully possessed, as of their own property, of the following goods and chattels, to wit: 'K. 27 Brill'ts 38 15/16 1 1/64' of the value of, to wit, thirty-five hundred dollars ($3,500); and being so possessed thereof, the plaintiffs afterwards, to wit, on the date aforesaid, in said county, put said goods (together with other certain goods) into the hands of the defendant, upon the request of the defendant, that he might inspect the same, and having inspected, make a purchase of the same, or some of them; and plaintiffs in fact say that said goods were put in the hands of the said defendant under and by virtue of a certain paper writing then and thereby by the plaintiffs delivered to the defendant, which writing is known as 'memorandum bill,' and that said goods were received by the defendant in accordance with the terms of said writing, and not otherwise, which said writing was and is in the words and figures following:
'Fol. 392.

MEMORANDUM BILL.

NEW YORK, Aug. 12, 1896.

By KELLER, ETTINGER & FINK,
          24 John Street.

To MR. J. H. NORTON,
          94 La Salle Street, Chicago, Ill.

Please return this memorandum with goods.

These goods are sent you for your selection, and re-

main our property and are to be returned to us within 10 days. Sale takes effect from date of our approval of your selection, when a regular bill will be sent, which bill only will be proof of sale and until then these goods are to be held subject to our orders.

G 24 Brill'ts 43 1/2 1 1/32 at $66.00 act for lot.
G 24 " " " " 71.00 " to pick.
K 27 " 38 15/16 1 1/64 at 72.00 " for lot.
K 27 " " " " 77.00 " to pick.'

"And plaintiffs in fact say that by reason of the premises, the defendant was in duty bound to purchase the said goods, or some of them, upon the terms in said memorandum bill set forth, or to return said goods upon plaintiffs' demand; and plaintiffs in fact say that defendant failed to make a purchase of said goods, or any of them, upon any terms, and upon, to wit, the 12th day of September, 1896, the plaintiffs demanded of the defendant to return said goods, and defendant wholly failed and refused so to do (excepting the said brilliants 43 1/2 1 1/32, which he had returned on August 25, 1896); and plaintiffs in fact say that after their said demand, the defendant was holding said other brilliants, to wit, said K 27 38 15/16 1 1/64, simply in trust for and as the bailee of the plaintiffs, and so holding, was in duty bound the same to return to the plaintiffs, and therein he made default, and did then and there, to wit, in said county, on, to wit, September 12, 1896, convert said brilliants and dispose of the same to his own use, to the damage of the plaintiffs of thirty-five hundred dollars ($3,500)."

To this declaration a plea of general issue was filed.

Appellee filed his petition in the County Court for release and discharge from the *capias* under the Insolvent Debtors Act, alleging that malice was not the gist of the action.

Respondents (appellants) pleaded, denying that malice was the gist of the action; and by a special plea set up that they moved the Superior Court for an order on the clerk thereof to issue a *ca. sa.;* that appellee and his attorneys were present, having been duly notified, and the motion was argued and the Superior

Court ordered the clerk to issue the writ. To this plea a demurrer was filed and sustained by the County Court.

It is contended that the court erred in sustaining the demurrer to the plea because a matter heard by a court on motion becomes as fully *res adjudicata* as when heard in any other joinder of issue of fact or law.

In our opinion this contention is not well founded. The question before the Superior Court was a very different question from that presented to the County Court under the petition for release under the Insolvent Debtors Act. The issue before the Superior Court was whether or not the judgment was obtained for a tort under section 5, chapter 77, Hurd's Revised Statutes, or, under section 62 of the same chapter, whether the debtor after demand had refused to surrender his estate, goods, chattels, etc., in satisfaction of an execution, or had fraudulently conveyed, concealed or otherwise disposed of some part of his estate with a design to secure the same to his own use or defraud his creditors. These questions were not raised before the County Court under the petition filed, and the County Court had nothing whatever to do with these matters in the proceeding now before us on review.

On the other hand County Courts, by the Insolvent Debtors Act, are invested with exclusive original jurisdiction to hear and determine all applications of insolvent debtors for discharge from arrest or imprisonment upon execution against the body of the defendant in any civil action when malice is not the gist of the action. The question before the County Court was, under the petition, was malice the gist of the action? For the purposes of a release and discharge under the Insolvent Debtors Act the right to such discharge could not be raised in the Superior Court, because the County Court has exclusive original jurisdiction of the matter by the express terms of the act. The Superior Court could not have adjudicated upon that question in the motion for a *capias ad satisfaciendum* in that

court, and therefore there was not in law a *res ad-judicata* of the question in that court. The County Court properly sustained the demurrer to the plea.

The question before the County Court in the proceeding from which this appeal is taken was not should a *ca. sa.* issue upon the judgment of the Superior Court, but was malice the gist of the action in the Superior Court?

We said in the matter of the petition of William H. Mansfield, 120 Ill. App. 511, at page 513: ''Malice as used in the Insolvent Debtors Act 'applies to that class of wrongs which are inflicted with an evil intent, design or purpose. It implies that the guilty party was actuated by improper or dishonest motives, and requires the intentional perpetration of an injury or wrong upon another. (First National Bank v. Burkett, 101 Ill. 391; Kitson v. Farwell, 132 ib. 327.) * * * The gist of an action is the essential ground or principal subject-matter, without which the action could not be maintained. Gould's Pl., chap. 3, sec. 8; First Nat. Bank of Flora v. Burkett, *supra;'* Jernberg v. Mix, 199 Ill. 254-256.''

The question then is, what evidence may the County Court hear, or what may it consider in determining the question whether malice is the gist of the action. This question is raised also by the assignment of errors on this record. Appellants offered evidence tending to prove that on the trial in the Superior Court there was evidence introduced and received which tended to prove that malice was the gist of the action. This evidence was ruled out by the court which held that it was bound by the common law record of the Superior Court.

We were called upon to consider this question in the Mansfield case, supra, where we said: ''When a judgment is rendered in an action begun in a court of record, we look to the record only to determine whether malice was the gist of the action, except in cases

where there are several counts in the declaration, some alleging matters which make malice the gist of the action and others seeking recovery upon different ground. In such cases it has been held that resort may be had to extrinsic evidence to determine upon what count recovery was had. Mahler v. Sinsheimer, 20 Ill. App. 401; Smith v. Henry, 46 Ill. App. 42; Masterson v. Furman, 89 Ill. App. 291.''

Looking then to the declaration we find that it contained but one count. There was therefore no necessity for receiving extrinsic evidence to ascertain upon what count the recovery was had. In our opinion the court ruled correctly in excluding the evidence offered, for the recovery was had upon that count, and by that declaration alone it must be determined whether malice was the gist of the action.

An examination of the declaration shows that it was not drawn in accordance with the common law forms of pleading. This feature of the declaration increases the difficulty of determining whether the cause of action is stated in trover as contended by appellee, or as contended by appellants, ''not trover but at the most in the nature of trover,'' or, as urged in their reply brief, ''our declaration is not in trover; it is an action on the case setting up a breach of trust, and only a breach of trust, facts which if stated in a criminal complaint would result in the conviction of embezzlement.''

The first allegation of the declaration is the ownership and possession of the property in question by the plaintiffs. The next averment is that the property was placed in the hands of the defendant under and by virtue of a certain paper writing known as a ''memorandum bill,'' which is set out in words and figures. Then follows a statement of the pleaders' opinion as to the legal effect of the transaction which raised no issue and must be treated as surplusage, and as such disregarded. The next averment is that the defendant failed to make a purchase of any of the

goods, and on demand failed and refused to return them. This is an allegation of a breach of the contract simply and nothing more in legal effect. Then follows an averment of the conversion of the goods in the following words: "and did then and there, to wit, in said county, on, to wit, September 12, 1896, convert said brilliants and dispose of the same to his own use," etc.

It is too clear, we think, for extended argument that this pleading taken as a whole states a cause of action for the conversion of property. 21 Enc. P. & P. 1060; Wells v. Connable, 138 Mass. 513. "Where unlawful conversion seems to be the *gravamen* of the complaint, it will be regarded as stating a cause of action in trover, although it combines some of the common law elements of trespass." Crammer v. McEnderfer, 2 Ind. App. 569; Glen v. Garrison, 17 N. J. L. 1; Kramer v. Northwestern Elevator Co., 91 Minn. 346.

We find in the declaration no facts averred showing fraud or deceit. No facts are averred showing any evil intent or dishonest motive or purpose to perpetrate an injury or wrong upon the plaintiffs. Under this declaration it was not necessary to show any such fraudulent purpose or evil intent in order to entitle the plaintiffs to recover. All that it was necessary to show by the evidence was the ownership of the property by the plaintiffs, that it came into the possession of the defendant, and that he converted it to his own use. Malice was not, therefore, the gist of the action. Jernberg v. Mix, *supra;* In re Mansfield, *supra;* First Nat. Bk. of Flora v. Burkett, *supra;* Penoyer v. People, 105 Ill. App. 481.

In our opinion the County Court held correctly that malice was not the gist of the action and in discharging the petitioner. The order and judgment of the court is affirmed.

*Affirmed.*