In the Matter of the Petition of John Biebel, In-
solvent Debtor, Appellant, v. Louis Kuttnauer et
al., Appellees.

## Gen. No. 14,475.

1. CAPIAS AD SATISFACIENDUM—*when discharge from arrest will
not be ordered.* A defendant arrested under a *capias ad satisfa-
ciendum* will not be discharged if it appears that the judgment upon
which such writ was issued was rendered in an action of which
malice was the gist. Malice is the gist of an action to recover for
the wrongful, wilful and fraudulent conversion of the money of the
plaintiff by the defendant.

2. CAPIAS AD SATISFACIENDUM—*appropriate order upon denial of
application for discharge.* Where the petitioner seeking a discharge
from an arrest made under a writ of *capias ad satisfaciendum* was
released upon bail pending the hearing of his petition, the appropriate
order upon the dismissal of his petition is to remand such peti-
tioner to the custody of the sheriff.

Petition for release under Insolvent Act. Appeal from the County
Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding.
Heard in the Branch Appellate Court at the March term, 1908.
Affirmed. Opinion filed March 26, 1909.

**Statement by the Court.** John Biebel filed in the
County Court his petition to be released from arrest
and imprisonment under a *ca sa* issued out of the
Circuit Court to the sheriff of Cook county on a judg-
ment recovered against him for $1,550.35 in that court
by Louis Kuttnauer et al., partners as Louis Kutt-
nauer & Sons, in an action on the case. The plaintiffs
in the judgment answered the petition setting up the
record of the judgment and the proceedings under the

same; averred that the judgment entered in the Circuit Court was rendered in a cause in which malice on the part of John Biebel was of the gist of the action; that the judgment entered in said cause in the Circuit Court of Cook county was *res adjudicata,* and was conclusive as to the matters at issue in said cause, and that inasmuch as the malice of appellant was of the gist of the action, and also as the question of malice was settled in the former suit, the judgment entered therein was an effectual bar to any further dispute of that question between appellant and appellees, and by reason thereof, appellees, as respondents, prayed that the petition be dismissed. On the hearing of the petition the record of the judgment was put in evidence, the petitioner tendered a schedule of his property, which the court refused to accept, dismissed the petition and remanded the petitioner to the custody of the sheriff.

The declaration contains only one count, which alleges that plaintiffs, doing business in Detroit, employed defendant to sell tobacco in Chicago and to collect money from customers and remit the same to plaintiffs; that they agreed to pay him a certain commission on such sales, and that he accepted such employment and sold goods for plaintiffs, etc.

The declaration then proceeds as follows:

"Plaintiffs further aver that at various times during the course of said employment the defendant, not regarding his duty in that behalf, but contriving to injure and defraud the said plaintiffs in this behalf, wrongfully, wilfully and fraudulently, and without the knowledge or consent of the said plaintiffs, and without any notice to them whatever, collected certain sums of money for said plaintiffs as agent of said plaintiffs under said contract, and wilfully and fraudulently converted the moneys so collected to his own use, amounting in the aggregate to a large sum, to wit: the sum of $2,000, by means whereof the said sums of money so wrongfully converted by the said

defendant to his own use were wholly lost to the said plaintiffs.

"And plaintiffs further aver that though often requested the defendant has always refused and still does refuse to pay said plaintiffs the said several sums of money thus wrongfully converted by the said defendant to the use of the defendant, to the damage of the plaintiffs of the sum of two thousand dollars (2,000) and therefore they bring this suit, etc."

To the declaration the defendant pleaded not guilty. The following is the verdict of the jury:

"We, the jury, find the defendant guilty of wrongfully, wilfully and fraudulently converting to his own use the sum of fifteen hundred and fifty and 55/100 dollars, the money and property of the plaintiffs, with intent to cheat and defraud the plaintiffs out of the same, and we assess the plaintiffs' damages at said sum of fifteen hundred and fifty and 55/100 dollars."

Judgment was entered on the verdict, the order of judgment containing an order, "that a writ of *capias ad satisfaciendum* forthwith issue etc."

GEORGE REMUS and JOSEPH S. LABUY, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

The question whether malice was of the gist of the action in which the judgment was rendered on which the *ca sa* was issued is to be determined from an inspection of the record. We think that malice was of the gist of said action. The declaration alleged that the defendant wilfully and fraudulently converted to his own use, without the consent of the plaintiffs, his employers, money of the plaintiffs which had come to his possession under his contract of employment, with which to injure and defraud the plaintiffs. The jury found the defendant "guilty of wrongfully, wilfully

and fraudulently converting to his own use the sum of $1,555.30, the money and property of the plaintiffs, with which to cheat and defraud the plaintiffs out of the same", and the court entered judgment on the verdict. The question of malice on the part of the defendant was settled in the former suit, and having been once determined, the doctrine of *res adjudicata* applies and the judgment is a bar to any further dispute of that question between the parties. Jernberg v. Mix, 199 Ill. 254; Bank of Flora v. Burkett, 101 *id.* 391; Penoyer v. The People, 105 Ill. App. 481; Masterson v. Furman, 89 *id.* 291; Bechman v. Menge, 82 *id.* 228; Beattau v. Evans, 57 *id.* 311.

The petitioner was released on bail pending the hearing of the petition, and on the dismissal of his petition on the hearing the order that he be remanded to the custody of the sheriff was proper. Jernberg v. Mix *supra;* People v. Hanchett, 111 Ill. 90.

The judgment of the County Court will be affirmed.

*Affirmed.*