# West Chicago St. R. R. Co. v. Dora Feldstein.

1. TORTS—*Committed by Several Persons Acting Together—Liability for.*—Where several tort-feasors have contributed to the same end, either may be held responsible for the entire tort.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

FRANCIS T. MURPHY, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

On October 22, 1894, as an east-bound horse car on the Adams street line of the appellant was crossing State street it was run into by a south-bound cable train operated by the Chicago City Railway Company. The horse car was struck near its front end, and was thrown diagonally across the Adams street tracks, on which it was traveling.

The east or front end of the car was thrown to the south of the tracks, and the west or hind end to the north of the tracks.

The appellee was at the moment standing at the crossing waiting for the horse car to pass in front of her in order that she might proceed, and as the hind end of the horse car flew northward she was hit by it, and received the injuries she sued to recover for.

Appellant's argument, that the verdict was not sustained by the evidence, is mainly directed to demonstrating that the collision occurred through the fault of the City Railway Company, but while such may be true, the question we are concerned with is whether the appellant contributed in a

West Chicago St. R. R. Co. v. Feldstein.

material degree to the result. The appellee was in a part of the street where she, as a pedestrian, had a right to be, and was pursuing her course, as she lawfully might. The question with her is not which of the two railway companies was most at fault, but is, did the appellant contribute to the injury she received? She sued both companies together, but at the trial dismissed her suit as to the City company and took her verdict and judgment against the appellant alone. Her right to do so is not questioned, and we will not cite authorities that such a practice was proper.

The degree of fault, if there were any fault attachable to appellant, is immaterial so far as she is concerned. There was evidence that tended to show that in a considerable degree, at least, appellant was negligent in that its driver failed to see the cable train as he should have done, and did not wait for it to pass, and appellee had her right of action against both or either of the wrong-doers. Either one was responsible to her for the whole injury, and the degree of blame as between them was immaterial.

" When the contributory action of all accomplishes a particular result, it is unimportant to the party injured that one contributed much to the injury, and another little; the one least guilty is liable for all because he aided in accomplishing all." Cooley on Torts (2d Ed.), 155.

In the case of St. Louis Bridge Co. v. Miller, 138 Ill. 465, the court say: "Where several tort-feasors have co-operated to the same end, either may be held responsible for the entire tort. The fact that the injury could not have happened without the wrongful act of one is not a test of the non-responsibility of the other. A tort may be of such character as to require for its perpetration the concurrent action of several, so that if either one fails in his part, the tort is not committed. In such case it may properly be said that but for the wrongful act of either of the tort-feasors, the wrong could not have been committed. But that fact can not be urged in exoneration of the others."

The damages, although moderate as the awards of juries nowadays go, were perhaps larger than time would justify

in so youthful and healthy a person, but taking into account the testimony of appellee and the two physicians in her behalf, it is not demonstrably so, and we do not feel warranted in disturbing the judgment on that account.

The instruction that is complained of is free from any error that is pointed out, and there being no substantial error in any respect that our attention has been called to, the judgment is affirmed.