## John McGary v. West Chicago St. R. R. Co.

1. INSTRUCTIONS—*When Erroneous.*—Where a plaintiff sustained injuries through the joint action of a street car company and the driver of a wagon, it is error to instruct the jury that if they believe that the injury resulted through the want of care of the driver of the wagon, then the plaintiff can not recover, ignoring the question of contributory negligence of the railroad company.

2. TORT FEASORS—*Joint Feasors Severally Liable.*—A person contributing to a tort, whether his fellow-contributors are men, natural or other forces or things, is responsible for the whole, the same as though he had done it without help.

3. ORDINARY CARE—*Of Street Car Company Toward Strangers.*— The law requires ordinary care of a street railway company toward strangers, but does not require such extraordinary care as may be under some circumstances necessary to avoid running into vehicles upon its tracks.

**Action in Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed December 5, 1899.

THATCHER & GRIFFEN, attorneys for appellant.

An instruction is erroneous which disregards the doctrine of the joint liability for tort, and asks the jury to pass upon the question as to whether a person who is not a party to the suit is guilty of negligence. St. Louis Bridge Co. v. Miller, 138 Ill. 475; Village of Carterville v. Cook, 129 Ill. 152; Consolidated Ice Machine Co. v. Keifer, 134 Ill. 481; West Chicago St. R. R. v. Feldstein, 69 Ill. App. 37; Wolff Mfg. Co. v. Wilson, 46 Ill. App. 384.

ALEXANDER SULLIVAN, attorney for appellee; EDWARD J. MCARDLE, of counsel.

**Statement.**—This is an action to recover for personal injuries. While appellant was standing on a street crossing midway between the street car track and the sidewalk waiting to take passage on one of appellee's cars, a wagon belonging to one Palmer, started to cross the tracks in front

of an approaching cable train. Before the wagon had cleared the crossing it was struck by the cable car with orce such as to throw the wagon box clear of the rails, striking appellant, and inflicting the injuries complained of. The suit was originally brought against both the owner of the wagon and appellee, but at the conclusion of the plaintiff's case, the jury were instructed to find the former not guilty, which was done. Subsequently, appellee's evidence having been introduced in defense, the cause was submitted to the jury and a verdict returned finding appellee not guilty.

Mr. Justice Freeman delivered the opinion of the court.

It is urged that the sixth instruction given at the instance of counsel for appellee is erroneous. That instruction is as follows :

" The court instructs the jury that if they believe from the evidence that the injury herein complained of resulted through the want of care, if any, of the driver of the wagon in question, then the plaintiff can not recover, and the jury must find for the defendant, the West Chicago Street Railroad Company."

It is said that even if the driver of the wagon had been guilty of negligence, such negligence would not excuse the roailroad company from the consequences of its own negligence, if any there was. The instruction does not tell the jury in express terms that if the injury complained of had been caused exclusively through the want of care of the driver of the wagon, then the plaintiff can not recover from the appellee. It in effect states that if the driver of the wagon was guilty of any negligence, causing the injury, then no matter how negligent the railroad company may have been, nor how much such negligence may have contributed to the injury, still said company is not liable. This evidently is erroneous. It is said in St. Louis Bridge Co. v. Miller, 138 Ill. 475, that " the rule is well settled, ' that a person contributing to a tort, whether his fellow-contributors are men, natural or other forces or things, is responsible for the whole, the same as though he had done all without help.' " The injury might have resulted in the case at bar from the carelessness of the wagon driver in getting in

the way of the cable train. But if it had been also directly caused by willful or negligent conduct of appellee's employes in running into the wagon, it would not be correct to instruct the jury that in such case the verdict must be for the defendant. The fact that both may have contributed to the injury would not necessarily relieve either. It is unimportant to the party injured which contributed most. West Chicago St. R. R. Co. v. Feldstein, 69 Ill. App. 36; Consolidated Ice Machine Co. v. Keifer, 134 Ill. 481.

Counsel for appellee insist that the seventh instruction given at their instance cures any error in the one preceding, and that together they correctly state the law applicable to the evidence. This seventh instruction tells the jury that if they ",believe from the evidence that either the plaintiff or the driver of the wagon were negligent, and that such negligence was the cause of the injury herein complained of, then they should return a verdict of not guilty; or even if the jury believe from the evidence that the defendant was guilty of negligence, still if they also believe from the evidence that the plaintiff was guilty of negligence which helped in any way to bring about the accident," etc., then they should find the defendant not guilty.

The first part of this instruction contains substantially the same error as the sixth instruction, and the second part does not remove the objection. It was not correct to tell the jury that the negligence of either the plaintiff or the driver of the wagon relieved the defendant from the consequences of any negligence of its own.

Appellant's counsel urge that the second instruction requested by them was improperly refused. We do not concur in this view. The law requires ordinary care of the appellant toward strangers, but does not require such extra-ordinary care as may be, under some circumstances, "necessary to avoid running into vehicles" upon its tracks.

As the case must be sent back for another trial, we have avoided any comment upon the evidence. For the reasons indicated, the judgment of the Superior Court must be reversed and the cause remanded.