## William Steinhaus, Defendant in Error, v. Emil Radtke, Plaintiff in Error.

### Gen. No. 14,069.

1. VERDICT—*what does not establish preponderance of evidence.*
A preponderance of the evidence does not necessarily lie with the
side producing upon a given fact or set of facts the greater number
of witnesses.

2. TORTS—*liability of tort-feasor.* Tort-feasors are jointly and
severally liable; they may be proceeded against, one without the
other, at the election of the injured party. The party so selected
must respond to the full measure of damages suffered by the in-
jured party as the result of the tort committed by both wrong-
doers.

3. VARIANCE—*when objection comes too late.* An objection of
variance comes too late when first made on appeal.

Trespass. Error to the Circuit Court of Cook county; the Hon.
JOHN GIBBONS, Judge, presiding. Heard in this court at the Octo-
ber term, 1907. Affirmed. Opinion filed December 7, 1908.

JOHN STELK, for plaintiff in error; JAMES D. POWER,
of counsel.

UTT BROS. and LYNN, HOUSE & ROE, for defendant in
error.

MR. JUSTICE HOLDOM delivered the opinion of the
court.

In a trial before the Circuit Court and a jury the
plaintiff, William Steinhaus, obtained a verdict of
$2,250 in an action against defendant, Emil Radtke,
for an assault and battery upon him. Plaintiff re-
mitted $750 from the verdict, whereupon the trial
court overruled the pending motion for a new trial
and gave judgment upon the verdict—less the amount
of the *remittitur*—for $1,500, and defendant appeals to
this court seeking a reversal of this judgment.

No complaints are made touching the pleadings or
the rulings of the trial judge upon the evidence, nor
is it claimed that the damages awarded are excessive,

but the errors assigned and argued are that the verdict and judgment are contrary to the manifest weight of the evidence, and that the trial court erred in giving instructions 2, 3 and 4, requested by plaintiff, and in failing to give instruction 1 proffered by defendant.

Plaintiff claimed, and produced witnesses whose testimony tended to sustain his claim, that defendant knocked him down by striking him in the back of the head or neck, and that while he was falling defendant kicked him in the left side above the groin; that after so maltreating plaintiff, defendant called upon his brother, Theodore, to strike plaintiff, and that responding to such request, Theodore struck plaintiff in the face. Twelve witnesses were sworn and testified, five of these sustaining plaintiff's theory and seven of them in contradiction of it. A careful reading of the evidence impresses us with the extremity of its conflict. It is hopelessly irreconcilable on the assumption that all of the witnesses are equally worthy of belief. The credibility of the several witnesses was for the jury to determine. Their appearance upon the witness stand, their manner in giving their evidence, were matters peculiarly within the province of the jury, because they saw and observed the witnesses during all the time of their giving their testimony— a privilege denied us. Numbers do not necessarily establish preponderance. It often happens that the lesser number prove the most trustworthy and credible, and that when their testimony is analyzed and sifted with that of the greater number, the preponderance of the proof is found to arise from the evidence of the minor number. All the evidence considered, we are unable to say that the finding of the jury is manifestly contrary to its greater weight. The jury have reconciled the conflict. With their conclusion we rest content.

There is no vice in instruction 2. It states a correct principle of law applicable to the facts in evidence. There is no rule for contribution among wrong-doers.

Two persons guilty of an assault, or any other tort, need not be sued jointly. They may be proceeded against, one without the other, at the election of the injured party. The party so selected must respond to the full measure of damages suffered by the injured party as the result of the tort committed by both wrong-doers. Barnes v. Gray, 5 H. & J. (Md.), 436; W. C. St. Ry. v. Feldstein, 69 Ill. App. 36.

Such being the law, it follows that the court properly refused to give defendant's proffered instruction 1, as the statement of the law in that instruction was in direct conflict with the rule above announced.

Instruction Nos. 3 and 4 are equally vulnerable against objection. They state the law and were followed by similar instructions, in slightly amplified form, given at the request of the defendant.

Some argument is made upon a claim that there is a variance between the averments of the declaration and the proof. Suffice it to say that we observe no variance of an appreciable nature, and moreover the objection as to a variance, if one existed, not having been made in the trial court, comes too late when made here for the first time.

We are satisfied that the record is free from reversible error, and the judgment of the Circuit Court is affirmed.

*Affirmed.*