*In re* THOMAS MURPHY.

*Filed at Ottawa January 23, 1884.*

INSOLVENT DEBTOR—*discharge from imprisonment—where malice is the gist of the action.*   Malice being the *gist* of an action of trespass for an assault and battery, the defendant in a judgment rendered against him in such an action, held in custody under a *capias ad satisfaciendum,* is not entitled to a discharge from imprisonment under the provisions of the "Insolvent Debtors'" act.

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. THOMAS SHIRLEY, for the appellant:

The main question involves the meaning of the statute in declaring the right to schedule in all civil suits, when malice is not the *gist* of the action.   Rev. Stat. chap. 72, sec. 2.

"*Gist* of the action," is a legal term, and must be construed according to its technical sense.   Therefore, its meaning is fixed, and it ceases to be anything else except what its technical definition implies,—"the essential ground of a suit, without which there is not a cause of action."   *First National Bank* v. *Burkett,* 101 Ill. 394; 5 Mod. 305; 1 Stra. 574; Burrill's Dictionary; 1 Bouvier's Law Dic. 712; Gould's Pleading, 41; Abbott's Law Dic.; Wharton's Law Dic.

Malice is not the *gist* of the action for an assault and battery.   *Shanley* v. *Wells,* 71 Ill. 81; 3 Blackstone's Com. 120; Stra. 596; Hob. 134; Plowd. 119; *Hathaway* v. *Rice,* 19 Vt. 106; *Taylor* v. *Cole,* 3 T. R. 292; *Hubbel* v. *Wheeler,* 2 Ark. 359; *Horton* v. *Monk,* 1 Brown, (Pa.) 65; *Andrews* v. *Stone,* 10 Minn. 74; *McWilliams* v. *Bragg,* 3 Wis. 424; *Mills* v. *Carpenter,* 10 Ired. Law, 298; Hilliard on Torts, 189, 193; *Bullock* v. *Babcock,* 3 Wend. 391.

If any blame is imputable to the defendant, though he had no intention to injure the plaintiff or any other person, he is

liable.   *Dygert* v. *Bradley*, 8 Wend. 469;   *Brown* v. *Collins,* 53 N. H. 442;   *Losee* v. *Buchanan,* 51 N. Y. 476;   *Richer* v. *Freeman,* 50 N. H. 420;   *Brown* v. *Kendall,* 6 Cush. 292.

It is not necessary, in an action for an assault and battery, that the act should be willful.   *Vincent* v. *Steinhour,* 7 Vt. 62. See, also, *Reynolds* v. *Clarke,* 1 Strange, 634;   *Sharpcott* v. *Mugford,* 1 Ld. Raym. 187;   *Hayward* v. *Bankes,* 2 Burr. 1114;   *Gates* v. *Bailey,* 2 Wilson, 313;   *Scott* v. *Shepard,* 2 Wm. Black. 892;   *Morgan* v. *Hughes,* 2 T. R. 225;   *Day* v. *Edwards,* 9 id. 649;   *Ogle* v. *Barnes,* 8 id. 188;   *Sheldick* v. *Aberg,* 2 Esp. 55;   *Leame* v. *Bray,* 3 East, 593;   *Adams* v. *Hemenway,* 1 Mass. 145;   *Underwood* v. *Hewson,* 1 Strange, 596;   *Covell* v. *Lansing,* 1 Campb. 497;   *Loton* v. *Cross,* 2 id. 464.

Messrs. ELLIS & FRAKE, for the creditor Heath:

Malice is the intentional perpetration of an injury or wrong on another.   *First National Bank* v. *Burkett,* 101 Ill. 394.

The intent to do harm is of the essence of an assault and battery.   Greenleaf on Evidence, secs. 83, 85;   Rev. Stat. chap. 38, secs. 20, 21;   Cooley on Torts, 162;   2 Hilliard on Torts, 181.

Should the court hold that malice is not necessarily the *gist* of every trespass action for an assault and battery, then the question is, was it in this particular action?   The question of malice is one of fact, and having been found to have been the *gist* of the action by the circuit and Appellate courts, those findings are conclusive.   *Chicago and Alton R. R. Co.* v. *Bonifield,* 104 Ill. 223.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an application for discharge under the Insolvent law of the State.   The appellant was arrested on a *capias ad satisfaciendum,* issued in a judgment recovered in the circuit

court of Cook county in an action of trespass for an assault and battery.

Section 2, chapter 72, of the Revised Statutes of 1874, provides: "When any person is arrested or imprisoned upon any process issued for the purpose of holding such person to bail upon any indebtedness, or in any civil action, when malice is not the *gist* of the action, * * * or is arrested or imprisoned upon execution in any such action, such person may be delivered from such arrest or imprisonment upon complying with the provisions of this act." The circuit court held that malice was the *gist* of the action where a judgment had been rendered in an action of trespass for an assault and battery, and that the defendant could not be discharged under the insolvent laws. That judgment was affirmed in the Appellate Court, and Thomas Murphy, the insolvent debtor, appealed.

Was malice the *gist* of the action in which a judgment was rendered against appellant? If it was, the judgment will have to be affirmed. Our statute defines assault and battery to be the unlawful beating of another, and Greenleaf on Evidence, sec. 83, says: "The intention to do harm is the essence of an assault." In note 3, Cooley on Torts, 209, will be found a definition of malice, as follows: "Malice, in common acceptation, means ill-will against a person, but in its legal sense it means a wrongful act done intentionally, without just cause or excuse." Here there was an intent to do harm, and an unlawful execution of that intent, resulting in the infliction of a wrong and injury upon another. Under such circumstances, was malice the *gist* of the action?

*First National Bank of Flora* v. *Burkett*, 101 Ill. 392, we think, settles that question. It is there said: "It (malice) in some cases implies a wrong inflicted on another, with an evil intent or purpose, and this is the sense in which it is employed in the statute. It requires the intentional perpetration of an injury or wrong on another. The wrong, and

3—109 ILL.

intention to commit the injury, are necessary to deprive the party of the right to a discharge from arrest or imprisonment." This case falls clearly within the rule announced in the case cited, and in our judgment malice was the *gist* of the action, within the sense the word "malice" is used in the statute.

The judgment will be affirmed.

*Judgment affirmed.*