JOHN MULLIN *et al.*

*v.*

CHARLES SPANGENBERG.

*Filed at Ottawa November 17, 1884.*

1. INSTRUCTIONS *construed—as not properly defining offence alleged in plea.* In an action of trespass against two police officers, for an assault and battery, the defendants pleaded *son assault demesne;* that the plaintiff had been guilty of a misdemeanor, (without stating what it was,) and that the defendants arrested him therefor, and that the plaintiff interfered with defendants, as police officers, in the discharge of their duties in conveying a person they had lawfully arrested, to the nearest police station. The court instructed the jury, that if they believed, from the evidence, that the plaintiff had not committed any offence alleged in the defendants' pleas, and that both of the defendants concurred in laying hands on him and arresting him, then the jury are instructed that they should find both the defendants guilty, etc.: *Held,* that the instruction was not erroneous, in failing to state what would constitute the offence of resisting an officer, nor because of the use of the word "any" before the word "offence." The sentence means the same as if the language had been, "committed no one of the offences."

2. SAME—*whether assuming a fact.* An instruction that "if the jury believe, from the evidence, * * * that both of the defendants concurred in laying hands on him," etc., is not subject to the objection that it assumes as a fact that the defendants did concur in the act.

3. So an instruction that "if the jury believe, from the evidence, * * * that the defendants * * * were engaged in the common purpose of unlawfully arresting the plaintiff," is not faulty, as assuming the arrest was unlawful.

4. MEASURE OF DAMAGES—*in trespass to the person—pecuniary circumstances of defendant—whether to be considered.* On the trial of an action of trespass for an assault and battery, the plaintiff may give in evidence the pecuniary circumstances of the defendant, to enhance his damages, and in such case the defendant may give counter evidence on the subject; but unless such evidence is given by the plaintiff, the defendant has no right to introduce proof on that subject, even in mitigation of damages.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. CHARLES A. KNIGHT, for the plaintiffs in error.

Messrs. BRANDT & HOFFMAN, for the defendant in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This writ of error brings before us for review a judgment of the Appellate Court for the First District, affirming a judgment of the Superior Court of Cook county, for the sum of $5000, lately recovered therein by Charles Spangenberg, defendant in error, against John Mullin and Peter McHugh, plaintiffs in error, in an action of trespass *vi et armis*, for an assault and battery upon the person of the plaintiff.

The plaintiff, at the time of the injury complained of, was living in Chicago, and was engaged in the grocery business. The defendants resided there also, and were, at the time, members of the city police. The evidence tends to show that on the night of the 10th of June, 1882, at the hour of about eleven o'clock, the plaintiff, while standing on the west side of Wells street, and a little south of his residence and place of business on the east side, discovered the defendants on the opposite side of the street and a little south of where he was then standing, dragging a man along the street, in a northerly direction. On discovering them, plaintiff crossed the street, and went over to his own premises, getting there a little ahead of them. The man the defendants were dragging was in a drunken and helpless condition, making no resistance whatever, so that by a mere looker-on it could not have been told whether he was dead or alive, but for the occasional groans that escaped him as he was being rapidly and recklessly dragged over the rough street. As they passed along in front of his premises, the plaintiff hailed the officers, and told them it was a shame to treat one as they were treating the man in their custody, or something to that effect. The officers retorted in an insulting and abusive manner, whereupon the plaintiff told them he would, on the following

morning, report them. This seemed to exasperate them, so that they came up to him, and Mullin seized him by the throat and choked him for some time, and then let him go, when plaintiff went into a saloon adjoining his premises, and called on an acquaintance to come and identify him, stating that he was going along with the officers. The latter had followed him into the saloon, and McHugh arrested him. While he was thus under arrest, and being held by McHugh, Mullin came up and struck him a violent blow upon the head with a club, which felled him to the floor in a senseless condition. The blow upon the head produced an ugly wound, from which the blood flowed freely. After some little delay, plaintiff was carried out of the saloon and laid down upon the sidewalk, in a helpless and almost senseless condition, the wound still bleeding profusely. Upon reviving somewhat, he was taken to the police station, where the defendants preferred against him the baseless charge of interfering with an officer, of which he was subsequently acquitted. From the police station the plaintiff was taken home, where he was, by reason of the injuries received, confined to his bed from Saturday (the day on which the assault occurred) till the following Wednesday.

Upon the whole, the evidence tends to show an unjustifiable and wanton assault upon the plaintiff, resulting in serious injury, under circumstances of almost unparalleled aggravation. It is true, some matters of aggravation are denied by the defendants, but they are uncorroborated by others. With this conflict, however, we have no concern.

With respect to the errors of law complained of, there is little to be said. The trial court, at the instance of the plaintiff, gave the jury the following instructions:

"If the jury believe, from the evidence, that the plaintiff had not committed any offence alleged in the defendants' pleas, and that both of the defendants concurred in laying

hands on him and arresting him, then the jury are instructed that they should find both the defendants guilty, and assess the plaintiff's damages.

"If the jury believe, from the evidence and under the instructions herewith given, that the defendants, McHugh and Mullin, were both engaged in the common purpose of unlawfully arresting the plaintiff, and that McHugh had laid hold of the plaintiff, and that Mullin immediately afterwards, in pursuance of said common purpose of unlawfully arresting said plaintiff, struck said plaintiff with a club, and that said striking was done in the presence of McHugh, and that McHugh did not try to prevent the same, but, on the contrary thereof, adopted and approved said act of said Mullin in striking said plaintiff, then the jury are instructed that said McHugh is as responsible in this action for said striking as is Mullin."

—And it is claimed that in this there was error.

In addition to the plea of the general issue the defendants filed four special pleas in bar of the action, setting up, respectively, the following defences: First, that plaintiff made the first assault; second, that he had been guilty of a misdemeanor, and that the defendants arrested him therefor; third, that the defendants, as police officers of the city, were conveying to the nearest police station a person who had been duly arrested on a charge of having committed a misdemeanor, when the plaintiff interfered with the defendants in the discharge of their duties as such police officers, and that the defendants thereupon, for the cause aforesaid, arrested the plaintiff. The fourth plea is substantially the same as the third.

It is objected that the first of these instructions is vicious, because it does not inform the jury what would constitute the offence of resisting an officer. The language of the instruction substantially conforms to the language used in framing the issues presented by the pleas, and that was sufficient.

If the defendant desired to eliminate the questions of law involved in these issues, and have them laid down by the court to the jury, they should have prepared appropriate instructions for that purpose, and have asked the court to give them to the jury. Not having done this, there is no just cause for complaint on the ground suggested.

It is further objected that this instruction in effect tells the jury, if, under the evidence, they "can say that Spangenberg did not commit the first assault, or was not guilty of a misdemeanor, or was not guilty of a breach of the peace, or had not violated any one of the ordinances, then the defendants are not guilty." The criticism is founded upon the use of the expression, "any offence," it being contended that it is used in that connection in the sense of "one out of many," which is one of Webster's definitions, and it is insisted that, taken in that sense, the instruction required the jury to find the defendants guilty if there was a single one of the offences named which Spangenberg had not committed. The objection taken to the instruction is clearly hypercritical. The expression, "had not committed any offence alleged in the defendants' pleas," obviously means the same as if the language had been, "had committed no one of the offences," etc., and the jury, we have no doubt, so understood it. This being so, it follows there is nothing in the criticism.

It is also claimed this instruction assumes as a fact that the defendants concurred in laying hands on the plaintiff. This objection may be disposed of by the simple statement there is no just foundation for the claim. In short, we think the instruction is not obnoxious to any substantial objection.

As to the second instruction, it is claimed that it assumes the arrest was unlawful. This claim is not well founded. The language of the instruction is, "if the jury *believe, from the evidence,*  *  *  *  that the defendants  *  *  *  were engaged in the common *purpose of unlawfully* arresting the plaintiff," etc.

Objections of like character are made to other instructions on behalf of plaintiff, which, for reasons already stated, must be disposed of in the same way.

The only other point made by plaintiffs in error which we deem of sufficient importance to notice, is one relating to the admissibility of evidence. On the trial, the plaintiffs in error offered to show, by way of mitigation of damages, the pecuniary circumstances of McHugh, no evidence of that character having been offered by the plaintiff. On objection by the plaintiff, the court held the evidence improper, and excluded it from the jury, and the defendants excepted. Counsel for plaintiffs in error maintain that the ruling of the court upon the admissibility of the evidence offered is erroneous, and in support of the position cite *McNamara* v. *King*, 2 Gilm. 432, and 1 Sutherland on Damages, page 745. The citation from Sutherland seems to be in point, but none of the authorities cited in support of the text sustain it, except the case of *Johnson* v. *Smith*, 64 Maine, 553. In all the other cases cited the evidence was offered by the plaintiff, and not by the defendant, except in one or two cases, where the record fails to show how the question arose; and the case just cited, which does sustain the text, seems not to have been concurred in by a full bench. Evidence of this character, even when offered by the plaintiff for the purpose of enhancing the damages, is held inadmissible by many courts and text writers of high standing, but, nevertheless, we have recognized the contrary rule, and have no disposition to depart from it; but under the present state of authorities we are not inclined to extend the rule beyond its present limits.

Where a plaintiff entitled to vindictive damages offers no evidence of the defendant's wealth with a view of enhancing them, he in effect says, "I ask no damages against the defendant except as a mere individual, without any regard to his property or estate, whether it be much or little,"—and in that kind of a case the jury have no right to give any more

damages than they would if it had affirmatively appeared the defendant was without pecuniary resources. But where the testimony is offered by the plaintiff, he does it for the purpose of enhancing the damages. By offering it he in effect says, "I ask in the way of damages something more than I would be entitled to recover from the defendant as a mere individual, without regard to his pecuniary circumstances." In doing this, the plaintiff tenders a new issue of fact, which opens up the question to both sides. The *McNamara case, supra,* like many others that might be cited, simply supports the proposition that in an action like this the plaintiff may, if he sees proper to do so, offer such testimony,—and that case was cited by this court with approval in *Chicago* v. *Martin,* 49 Ill. 241, *Peters* v. *Lake,* 66 id. 206, *White* v. *Murtland,* 71 id. 250, and *Drohn* v. *Brewer,* 77 id. 280; but in none of those cases, nor any we have been able to find in this court, is the right of a defendant recognized to offer evidence of this character as an independent defence, and not by way of rebuttal. To us there seems a manifest impropriety in it, and we can not, therefore, yield our assent to it.

The judgment will be affirmed.

*Judgment affirmed.*