*In re* JOHN MULLIN *et al.*

*Filed at Ottawa November 13, 1886.*

INSOLVENT DEBTOR — *discharge from imprisonment—when malice is the "gist of the action."* Malice being the "*gist* of the action" in a suit in trespass for an assault and battery, the defendant in the judgment, arrested and held in custody under a writ of *capias ad satisfaciendum* issued thereon, is not entitled to a discharge from imprisonment under the Insolvent Debtor's act.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. H. O. McDAID, and Mr. C. A. KNIGHT, for the appellant, contended that malice is not necessarily the *gist* of the action in trespass to the person, but that force is the *gist* of that action. *Gratly* v. *Stern*, 37 Hun, 426.

The *gist* of an action is the ground or object of the action in point of law, without which there would be no cause of action. 1 Bouvier's Law Dic. 712; Gould's Pleading, 41;

Abbott's Law Dic.; Wharton's Law Dic.; *First Nat. Bank* v. *Burkett*, 101 Ill. 394.

· Messrs. Brandt & Hoffman, for Spangenberg, relied principally on the case *In re Murphy*, 109 Ill. 31.

Mr. Justice Magruder delivered the opinion of the Court:

This was an application for discharge under section 2 of "An act concerning insolvent debtors," being chapter 72 of the Revised Statutes of this State. The appellants were arrested on a *capias ad satisfaciendum*, issued upon a judgment, recovered in the Superior Court of Cook county, in an action of trespass for an assault and battery. The judgment, so recovered, has heretofore been brought before this court for review, and was affirmed by us in *Mullin et al.* v. *Spangenberg*, 112 Ill. 140. A full statement of all the facts will be found in the opinion in that case.

The Superior Court held, that malice was the *gist* of the action, in which the judgment aforesaid was rendered, and that appellants could not be discharged under the Insolvent law. The decision of that court was affirmed by the Appellate Court, and Mullin and McHugh, the insolvent debtors, have appealed.

In the record, now presented to us, no other question is involved than that, which was considered and decided by us in *In re Murphy*, 109 Ill. 31. The decision in the last named case is decisive of all the issues in the case at bar. The judgment of the Appellate Court is, therefore, affirmed.

*Judgment affirmed.*