## Edwin Stanley Masterson, by his next friend, v. William C. Furman.

1. MALICE—*When the Gist of the Action.*—In determining whether malice is the gist of the action the court must look to the record only.

2. SAME—*Where There Are Different Counts in the Declaration.*— Where there are several counts in the declaration, some alleging matters which make malice the gist of the action and others seeking upon different grounds, it may be proper to go beyond the pleadings to ascertain upon what count the recovery was had.

3. SAME—*Where There is but One Count in the Declaration.*—Where there is but one count in the declaration and that count charges a trespass by assault and battery, malice is the gist of the action within the meaning of the provisions of the insolvency act.

**Trespass,** *vi et armis.* Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed May 10, 1900. Rehearing denied.

MASTERSON & HAFT, attorneys for appellant.

If malice was the gist of the Circuit Court action, it was error for the County Court to discharge appellee; otherwise the action of the County Court was correct.

The gist is the ground or foundation of a suit, and without which it would not be maintainable. Kitson v. Farwell, 132 Ill. 327.

The gist of this action was an assault and battery, in the doing of which malice is always to be inferred. In re Murphy, 109 Ill. 33.

If the wrong or injury was done intentionally, the law brands it as a malicious act.   In re Murphy, 109 Ill. 33; Commonwealth v. Goodwin, 122 Mass. 19.

JOHN H. BRADLEY, attorney for appellee, contended that a defendant in a civil action wherein malice is not the gist of the action, can not be imprisoned under process to collect the judgment.   Insolvency Act, Sec. 2.

The gist of the action is the foundation of. the action without which it can not be maintained.   Bank v. Burkett, 101 Ill. 394.

The action was for false imprisonment.   Puterbaugh, 570; 2 Chit. Pl., 857.

In the action for false imprisonment malice is not the gist of the action.   Johnson v. Von Kettler, 84 Ill. 318; Bank v. Burkett, 101 Ill. 394; Bishop on Non-contract Law, 212; Akin v. Newell, 32 Ark. 605; Colter v. Lower, 35 Ind. 285; Scott v. Ely, 4 Wend. 555; Scheer v. Keown, 29 Wis. 586; Gurnsay v. Lovell, 9 Wend. 319; 3 Suth. on Dam., p. 732 and 733.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

This is an appeal by the judgment creditor from an order of the County Court discharging appellee from custody under the provisions of section 2 of the Insolvent Debtors Act.

The only controverted question presented is as to whether malice was of the gist of the action in which appellant recovered the judgment upon which appellee was held.

The action was in form of trespass *vi et armis*, and the one count of which it consists alleges, in effect, trespass by an assault and battery.

It is contended by counsel that in determining whether malice was of the gist of the action, we must look to the record only.   This contention is sound.   Beckman v. Menge, 82 Ill. App. 228.

And it might be said further, that in the present instance we have only to look to the pleadings. If there were several counts in the declaration, some alleging matters which made malice of the gist of the action, and others seeking a recovery upon different ground, it might be proper to go beyond the pleadings to ascertain upon what count the recovery was had. Mahler v. Sinsheimer, 20 Ill. App. 401.

But here there is but one count, and that count charges a trespass by assault and battery. The question presented is simply whether malice is of the gist of such action. We regard the question as settled by the decisions. In re Murphy, 109 Ill. 31, and In re Mullir, 118 Ill. 551.

It would be useless to follow counsel in their discussion of the proposition that in a simple action of trespass *vi et armis*, malice is not an element essential to recovery, and hence not of the gist of the action. It may be conceded that the proposition is sound. Nevertheless it is held in the cases cited that in an action of trespass for an assault and battery, malice is of the gist of the action within the meaning of the provisions of our Insolvency Act. This precludes any possible question as to the case now presented. The debtor, appellee, should not have been discharged.

The judgment is reversed and the cause remanded.