## Harris Salomon v. Edward Buechele, by next friend.

### Gen. No. 12,540.

1. MALICE—*when appears within meaning of Insolvent Debtors' Act.* Where the arrest sought to be relieved against was made upon a *capias* issued in an action of trespass for assault and battery, a release cannot be obtained under the Insolvent Debtors' Act, if the counts of the declaration are in appropriate form, as malice is the gist of such an action.

2. INSOLVENT DEBTORS' ACT—*when petitioner for discharge from arrest is not entitled to have question of malice retried.* Where the declaration, and each count thereof, is in such form as to show malice to be the gist of the action, the petitioner for discharge is not entitled to have such question retried upon such application.

Petition for discharge from arrest. Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed June 12, 1906.

ROSENTHAL, KURZ & HIRSCHL, for appellant.

BRANDT & HOFFMANN, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment of the County Court denying the petition of appellant to be released from arrest on a *capias ad satisfaciendum* issued on a judgment against appellant in the Superior Court, in an action of trespass for assault and battery.

It is conceded by counsel for appellant that if the record of the judgment necessarily implies malice as the gist of the action appellant cannot be discharged under the Insolvent Debtors' Act. But counsel contend that the dec-

Salomon v. Buechele.

laration is ambiguous, and does not necessarily impute malice. Counsel for appellant say: "We are free to concede that portions of each count in the declaration in our case do impute malice, but what we desire to emphasize is that other portions of such counts also state causes of action and do not impute malice."

When the judgment upon which the *capias* was issued in this case was before this court on appeal, the court said, (Salomon v. Buechele, 119 App. 595): "The first count of the declaration, in effect, alleges that the defendant hit the plaintiff on the head with a stone or piece of metal and hurt him, and the four other counts in different language charge the same thing." With this brief statement of the legal effect of the declaration we fully agree. Every one of the five counts in the declaration commences with the statement that appellant Salomon "with force and arms assaulted the plaintiff and beat, bruised, wounded and ill treated him."

It is contended, however, that the declaration avers two entirely different transactions or subjects upon which the jury could and did pass. The one transaction is that the plaintiff was annoying Salomon, and thereupon Salomon threw at the plaintiff a heavy piece of iron, hitting him on the head and fracturing his skull. The other transaction is, it is claimed, that the plaintiff was seated on the edge of the roof of a low shed and Salomon threw a potato at him, and the plaintiff, in attempting to jump from the shed to the ground, struck his head on the ground and fractured his skull.

We cannot agree with the contention that the declaration, or either count thereof, either in form or substance or in legal effect is double, or is susceptible of the construction sought to be given to it by counsel. Each count in the declaration is in accordance with approved precedents in actions of trespass for assault and battery.

The question then is, was malice, the intention to do wrong, the gist of the action?

The authorities all agree that "the intention to do harm

is of the essence of an assault." Gilmore v. Fuller, 198 Ill. 130, and cases there cited; *In re* Murphy, 109 id. 31; Hunt v. The People, 53 Ill. App. 111; Masterson v. Furman, 89 Ill. App. 291. Under these authorities and others which might be cited, it is too well settled to be questioned that the action which resulted in the judgment could not have been maintained without proving that·the injury inflicted upon the plaintiff by the defendant was so inflicted with the intention of injuring him.

It follows that the judgment of the Superior Court upon which the *capias* was issued is conclusive upon the question that malice was the gist of the action. Jernberg v. Mix, 199 Ill. 254. Appellant therefore had no right to have that question retried upon his petition for. a discharge. The offers of evidence made by appellant in the County Court and excluded by the court were made for the purpose and with the object of showing, as a matter of fact, that appellant had no intention to injure the plaintiff, appellee, or, in other words, to retry that question on the petition for a discharge, and we think the evidence was properly excluded by the court. *In re* Murphy, *supra*; *In re* Mullin, 118 Ill. 552; Masterson v. Furman, 89 Ill. App. 291.

Finding no error in the record, the judgment of the County Court is affirmed.

*Affirmed.*