In the Matter of the Application of I. L. Hinson for his Release under Insolvent Debtors Act.

INSOLVENT DEBTORS ACT—*who cannot avail of.* If a general verdict be rendered under several counts of a declaration, of some of which malice is the gist and of others of which malice is not the gist, and if the *prima facie* case as made by the creditor that the general verdict rendered by the jury was predicated upon the count or counts of which malice was the gist, the burden is upon the debtor to show that such verdict was rendered upon the count or counts of which malice was not the gist, and in the absence of any evidence being adduced by the debtor that such was the case he cannot avail of the provisions of the Insolvent Debtors Act.

Appeal from the County Court of Piatt county; the Hon. ELIM J. HAWBAKER, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

HILL & DREW and C. E. SCHROLL, for appellant.

A. C. EDIE and E. J. MILLER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal by I. L. Hinson from an order of the county court of Piatt county remanding him to the custody of the sheriff, entered in a proceeding wherein said appellant had filed his petition under the Insolvent Debtors Act to be released from arrest and imprisonment upon a writ of *capias ad satisfaciendum* theretofore issued by the circuit

court of said county upon a judgment of said court in favor of Ephraim Brown against appellant and others for $3,413.33⅓ as damages in an action for tort.

A jury was impaneled to try the issues, under the petition, and at the close of all of the evidence the trial court instructed the jury to find the appellant guilty of fraudulently disposing of a portion of his property after the cause of action accrued to the judgment creditor, Brown, and also to find appellant guilty of refusing to surrender up his property to the sheriff to satisfy the execution, and upon such verdict so returned by the jury the court entered the order appealed from.

Section 2 of the act concerning Insolvent Debtors is as follows:

"When any person is arrested or imprisoned upon any process issued for the purpose of holding such person to bail upon any indebtedness, or in any civil action when malice is not the gist of the action, or when any debtor is surrendered or committed to custody by his bail in any such action, or is arrested or imprisoned upon execution in any such action, such person may be released from such arrest or imprisonment upon complying with the provisions of this act." Rev. Stat. (1909) 1251.

It will be observed that the provisions of the statute for the release of insolvent debtors are not available to such debtor if the judgment recovered against him was in a civil action wherein malice was the gist of action. Jernberg v. Mix, 199 Ill. 254. The term "malice" as used in the section above quoted is held to apply to that class of wrongs which are inflicted with an evil intent, design or purpose and implies that the guilty party was actuated by improper or dishonest motives. Jernberg v. Mix, supra; Kellar et al. v. Morton, 228 Ill. 356.

The declaration in the action at law wherein a verdict and judgment for $3,413.33⅓ was recovered against appellant and his co-defendants contained five counts and the verdict of the jury was a general verdict referable to all the counts of the declaration. It is not seriously urged by ap-

pellant that malice was not of the gist of the action as alleged in some of the counts of the declaration, and it may be conceded that neither the first, second, third nor fourth counts of the declaration states a cause of action of which malice is the gist. The fifth or additional count of the declaration alleges in substance that the plaintiff was the owner of an interest of the value of $2,000 in 320 acres of land in Grand Forks county, North Dakota, and also of $1,200 in cash; that the defendants solicited plaintiff to trade said assets for a farm of 160 acres in said county and state which they represented to be of the value of $7,200 and further represented that the title to said farm should be placed in plaintiff; that plaintiff placed the said assets in the hands of the defendants for the purpose of making said exchange of properties and believed and relied upon the said representations of the defendants and that they had made said exchange, and placed the title to the said 160 acres of land in the plaintiff; that thereafter P. B. Maxhimer, one of the defendants, told the plaintiff that the defendants would purchase said 160 acres of land from the plaintiff and give him $3,200 therefor, the payment of said $3,200 to be secured by the delivery to the plaintiff of good second mortgages on land in North Dakota, which land should be of the value of $3,200 above the first encumbrances thereon; that the plaintiff then and there accepted said proposition and thereafter the defendants conspiring to defraud and deceive the plaintiff delivered to him three mortgages purporting upon their face to be for $3,200 on three certain tracts of land—two in Minnesota and one in North Dakota; that plaintiff afterward learned that the person who gave the mortgages upon the two farms in Minnesota did not own the said farms or any interest therein and that said mortgages were third mortgages and were wholly worthless and of no effect; that the said mortgage on the land in North Dakota was a third mortgage and that the two mortgages prior thereto were for $5,000, while the value of said land was only $3,600; that the defendants did not purchase for the plaintiff the said 160 acres of land in North Dakota and

did not place the title thereto in him and did not use plaintiff's interest in the 320 acres of land in North Dakota or the $1,200 which he delivered to them for the purpose of acquiring said tract of 160 acres, but that said defendants had agreed and conspired together to so shift around plaintiff's property and make the said false and fraudulent representations so that he would lose his entire interest in said 320 acres of land and the said $1,200, and that the defendants converted to their own use the said $1,200 together with the interest of the plaintiff in said 320 acres of land; that upon learning the facts aforesaid plaintiff informed the defendants that he would not accept the said mortgages and demanded of the defendants that they repay him the said $3,200 which he had placed in their hands, but the defendants refused so to do, etc.

Clearly the fifth or additional count of the declaration states a cause of action of which malice is the gist within the meaning of the statute.

In Jernberg v. Mix, *supra*, it was held that where there are several counts in a declaration and malice is the gist of some and not of others the judgment is not conclusive that there was malice, because the verdict may have been returned upon a count which did not include that element; that in such a case a petitioner seeking his discharge is not estopped by the judgment to show that malice was not the gist of the action against him but may show that the verdict and judgment were based upon a count or counts wherein malice was not the gist of the action. It was there further held that where there were issues on all the counts of the declaration a general verdict of guilty against the defendant was responsive to such issues and included a finding against him upon all of them.

The record in the suit at law against appellant makes a *prima facie* showing that malice was of the gist of the action, and the burden was cast upon appellant to show that the verdict upon which the judgment was rendered was returned under a count of the declaration of which malice was not the gist. Jernberg v. Mix, *supra*.

Upon the trial of the case at bar appellant offered no competent evidence whatever which tended to overcome the *prima facie* case made by the record in the suit at law that the general verdict returned against him was referable to the count of the declaration of which malice was the gist. In the absence therefore of any proof by appellant that such verdict was returned against him under a count of the declaration of which malice was not the gist, he could not avail himself of the provisions of the statute relating to the discharge of insolvent debtors and the only order proper to be entered in the case was that he be remanded to the custody of the sheriff.

The views above expressed make it unnecessary to consider the other question sought to be raised upon the record, and the order of the county court will be affirmed.

*Affirmed.*