# Max Drygalski, Appellant, v. Louis J. Thiele, Appellant.

## Gen. No. 15,882.

1. JUDGMENT—*effect given upon collateral attack.* A judgment in a court of record will, when not directly attacked, be presumed to be based on sufficient evidence to warrant it under the issues made by the pleadings, and is conclusive as to every matter properly and necessarily at issue in the action.

2. INSOLVENT DEBTORS—*how question of right to discharge determined when imprisonment is under tort judgment.* In determining whether or not the appellant was entitled to his discharge from custody under the insolvent debtors act, it is necessary to inquire into the basis of the judgment on which the *ca sa* issued, only so far in the first instance as is necessary to ascertain what the issues were that were tried, and what verdict was returned on those issues. If there was no issue in that case, in which malice was not the gist of the plaintiff's right to recover, and the verdict was general, then the judgment in that case is *res judicata* on the question whether malice was the gist of the action, and having been once determined, the judgment would be an effectual bar to any further dispute of that question between the parties.

3.  INSOLVENT DEBTORS—*when malice gist of action.*  In an action where the issue was formed on a declaration in trespass *vi et armis* for assault and battery, malice is of the gist thereof.

Appeal from the County Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1909.  Affirmed.  Opinion filed October 4, 1911.

GEORGE REMUS, JOSEPH S. LA BUY and EDWARD E. SHINNICK, for appellant.

JAMES D. POWER, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

A judgment was rendered against appellant in the Superior Court on the 22nd day of June, 1908, in a suit begun by appellee to recover damages for injuries received by appellee on account of an assault and battery committed by appellant on appellee.  On that judgment a writ of *capias ad satisfaciendum* issued, and by virtue thereof, appellant was taken into custody. On May .22, 1909, appellant filed his petition in the County Court of Cook .county, under the insolvent debtors act, praying that he be released from custody. After a hearing, the court denied the prayer of the petitioner.  This appeal is prosecuted to reverse that judgment.

It is not contended by counsel for appellant that this judgment should be reversed, if malice was the gist of the action in which the original judgment was rendered, but insists that inasmuch as the entire record of the court in the original case, as well as all the testimony offered on the trial of that case, was offered in evidence by appellee on the hearing of the appellant's petition for discharge, the court below should have gone into that evidence and determined from it, whether malice was in fact shown, and that the testimony in that case shows that the acts there complained of were not actuated by malice.

A judgment in a court of record will, when not directly attacked, be presumed to be based on sufficient evidence to warrant it under the issues made by the pleadings, and is conclusive as to every matter properly and necessarily at issue in the action. In determining whether the appellant was entitled to his discharge from custody under the insolvent debtors act, it is necessary to inquire into the basis of the judgment on which the *ca sa* issued, only so far in the first instance as is necessary to ascertain what the issues were that were tried, and what verdict was returned on those issues. If there was no issue in that case, in which malice was not the gist of appellee's right to recover, and the verdict was general, then the judgment in that case is *res judicata* on the question whether malice was the gist of the action, and having been once determined, the judgment would be an effectual bar to any further dispute of that question between the parties. Jernberg v. Mix, 199 Ill. 254.

''The term 'malice,' as used in section 2 (of the insolvent debtors act) signifies a wrong inflicted on another with evil intent or purpose.'' Keller, Ettinger & Fink v. Norton, 228 Ill. 356. ''It implies that the guilty party was actuated by improper motives and requires the intentional perpetration of an injury or a wrong on another.'' Jernberg v. Mix, *supra,* and cases there cited.

The declaration in the case in which the *ca sa* involved in this case issued consisted of one count and was in the usual form of declaration in trespass *vi et armis* for assault and battery, and charged that appellant with force and arms assaulted and injured him. The appellant filed the plea of the general issue and two pleas setting up self-defense as justification. Issue was joined on all these pleas and the trial resulted in a general verdict finding the defendant guilty, and assessing the appellee's damages. Under the issues as formed the verdict was a finding that appel-

lant was guilty of inflicting on appellee injuries by an assault and battery committed without justification. It has been uniformly held that "the intention to do harm is the essence of an assault." Salomon v. Buechele, 127 Ill. App. 421, and cases there cited. The judgment on the verdict in question was, therefore, *res judicata* and conclusive on the parties that malice was the gist of the action, and is a bar to any further dispute between them on that question.

It follows that the court in disposing of the petition of appellant for discharge committed no error in refusing to consider the testimony offered in the original case. The fact that the evidence was offered by appellee is of no significance. When it was offered, it was only conditionally admitted, subject to the later determination by the court as to its competency. After a consideration of the question, the court rightly held it to be incompetent and refused to consider it. The judgment of the court is affirmed.

*Judgment affirmed.*