In the Matter of the Petition of Emil Radtke, at Suit of William Steinhouse, (Appeal of Emil Radtke, Appellant), v. The People of the State of Illinois, Appellee.

### Gen. No. 16,357.

1. ARREST—*when tort averred necessarily includes malice.* The character of the tort averred in a single count of a declaration in trespass for assault and battery necessarily includes malice where it avers that the defendant "with force and arms violently struck plaintiff," etc.

2. ARREST—*discharge.* On arrest under a *capias* on judgment in trespass for assault and battery and on petition for release under the Insolvent Debtor's Act, it is not error to refuse to permit the petitioner to introduce evidence of want of malice.

3. TRIAL—*when court need not consider immaterial and incompetent evidence.* On hearing without a jury the court is not required to consider incompetent and immaterial evidence, however it may have been admitted.

4. APPEAL—*when presumed court not influenced by incompetent and immaterial evidence.* Where there is sufficient proper evidence to justify a judgment of a court sitting without a jury, a reviewing court will not presume that incompetent and immaterial evidence influenced the trial court.

Appeal from the County Court of Cook county; the Hon. FRANK G. PLAIN, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed June 17, 1912.

GEORGE REMUS, JOSEPH S. LA BUY and EDWARD E. SHINNICK, for appellant.

CHARLES J. HERMAN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

William Steinhaus brought a suit in trespass in the Circuit Court of Cook county against Emil Radtke. The case went to trial on one count, wherein it was averred that the defendant at Chicago, etc., with force and arms assaulted and violently struck the plaintiff many blows with his fists, etc., and threw the plaintiff upon the ground and violently kicked plaintiff, etc., etc., whereby plaintiff was greatly injured, etc. The jury found the defendant guilty and judgment was entered upon the verdict for the sum of $1,500.00, which said judgment was affirmed in this court and reported in 145 Ill. App. 232. The sheriff of Cook county arrested the said Radtke under and by virtue of a writ of *capias ad satisfaciendum* issued on the said judgment by the said Circuit Court. The said Radtke thereupon filed a petition in the County Court of Cook county, praying to be released from the said arrest on

delivering up his property, as provided by the Insolvent Debtor's Act.

At the hearing on the said petition by the County Court the parties introduced in evidence by agreement the record of the said cause in the Circuit Court, including the bill of exceptions filed therein. The court held, in effect, that the common law record showed malice was the gist of the action, and refused to consider the evidence as shown by the said bill of exceptions; refused to permit the petitioner to introduce evidence for the purpose of proving that malice was not in fact the gist of the action; denied the prayer of the petition and remanded the petitioner to the custody of the sheriff, from which said order the petitioner appealed.

The character of the tort averred in the only count of the declaration necessarily included malice. Paxton v. Boyer, 67 Ill. 132; *In re* Murphy, 109 Ill. 31; *In re* Mullin, 118 Ill. 551; and the court committed no error in refusing to permit the appellant to introduce evidence to prove want of malice. Mahler v. Sinsheimer, 20 Ill. App. 401; Masterson v. Furman, 89 Ill. App. 291; Salomon v. Buechele, 127 Ill. App. 420.

The appellant, however, insists that even though it be true that under the rule of law applicable to the case at bar, no evidence should be admitted to prove malice was not the gist of the action, yet the evidence on the trial in the Circuit Court being admitted by agreement on the hearing of said petition by the County Court, it was the duty of the County Court to consider and pass upon the same; and that had the court so done, it would have appeared that malice was not the gist of the action, and the petitioner would accordingly have been discharged. We know of no rule of law that a court, on a hearing without a jury, is required to consider, in the determination of the issues, immaterial and incompetent evidence, however the

same may have been admitted in the case. On the contrary the rule is that, on a trial by the court without a jury, no improper or incompetent evidence will be presumed by a reviewing court to have influenced the court in reaching a decision, where there is sufficient proper evidence to justify the judgment. Merchants' Despatch v. Joesting, 89 Ill. 152; Kreiling v. Nortrup, 215 Ill. 195; Pratt v. Davis, 224 Ill. 300. There are also many Appellate Court decisions to the same effect.

The judgment is affirmed.

*Affirmed.*