In re Petition of George W. Kitterman, etc., Appellant,
v. The People of the State of Illinois, Appellee.

## Gen. No. 17,330.

1. EXECUTIONS—*arrest.* A writ of *capias ad satisfaciendum* will
issue without the filing of the affidavit required in section 62 of the act
entitled "Judgments, Decrees and Executions" where the judgment
is recovered in an action in which malice is the gist of the action and is
properly issued upon the order of the court in which such judgment is
recovered.

2. EXECUTIONS—*insolvent debtors.* Malice is the gist of an action
of trespass *vi et armis* for an assault and battery and a person impris-
oned under an execution on such judgment is not entitled to a discharge
under the insolvent Debtors' Act.

3. EXECUTIONS—*res adjudicata.* The fact that the defendant arrested
upon a *capias ad satisfaciendum* was acquitted by a jury in a criminal
prosecution for assault is not *res adjudicata* upon the question of malice
in the civil action.

4. EXECUTIONS—*insolvent debtors.* Appeals from final orders and
judgments of county court in proceedings for discharge under Insolvent
Debtors' Act lie to the Appellate Court, section 26 of the act relating
to insolvent debtors in so far as it provides for appeal to Circuit Court
is repealed by implication by section 8 of Appellate Court Act.

5. APPEALS AND ERRORS—*constitutional questions.* Question whether
statute is unconstitutional and void held waived by appeal.

Appeal from the County Court of Cook county; the Hon. WILLIAM L.
POND, Judge, presiding. Heard in the Branch Appellate. Court at the
March term, 1911. Affirmed. Opinion filed June 30, 1913.

WILLIAM A. ADAMS, for appellant.

EUGENE C. O'REILLY, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal from an order of the county court refusing to discharge the appellant, George W. Kitterman, from imprisonment upon his application therefor under the provisions of the act relating to Insolvent Debtors.

A motion made by the judgment creditor to dismiss the appeal upon the ground that an appeal from an order of the county court in such a proceeding should be prosecuted to the circuit court, as provided in section 26 of the act relating to Insolvent Debtors, was reserved by another branch of this court to be determined upon the final hearing.    This question was directly involved in *Groszglass v. Von Bergen,* 220 Ill. 340, where it was held that section 26 of the Insolvent Debtors' Act was repealed by implication by section 8 of the Appellate Court Act, and that appeals from final orders and judgments of the county court in proceedings for discharge under the Insolvent Debtors' Act were properly taken to the Appellate Court. The motion to dismiss the appeal is, therefore, denied.

The execution against the body of appellant was issued upon a judgment recovered against him by one Thomas O'Connor for $2,000 in an action of trespass *vi et armis* for an assault and battery.

It must be regarded as settled law in this state that malice is the gist of such an action, and by express provision of section 2 of the act relating to Insolvent Debtors the provisions of said act are not available to effect the discharge of a person from imprisonment under execution issued upon a judgment recovered in an action of which malice was the gist.    *In re Murphy,* 109 Ill. 31; *In re Mullin,* 118 Ill. 551; *Masterson v. Furman,* 89 Ill. App. 291; *Solomon v. Buechele,* 127 Ill. App. 420; *Drygalski v. Thiele,* 163 Ill. App. 290; *In re Hinson,* 162 Ill. App. 121.

It is insisted by appellant that the writ of *capias ad satisfaciendum* should have been quashed, because it appears that the same was issued without any affidavit having been filed therefor with the clerk of the Superior Court in conformity with the provisions of section 62 of the act entitled "Judgments, Decrees and Executions." The requirements of said section 62 with reference to the filing by the judgment creditor, his agent or attorney, upon the return of an execution unsatisfied, of an affidavit stating that a demand has been made upon the debtor for the surrender of his estate for the satisfaction of such execution, that he verily believes such debtor has estate, not exempt from execution, which he unjustly refuses to surrender, etc., is not a prerequisite to the issuance of a writ of *capias ad satisfaciendum*, where the judgment is recovered in an action of which malice is the gist, but such writ is properly issued upon an order of the court in which such judgment is recovered.

The record discloses that prior to the recovery of the judgment against appellant in the civil action for damages he was acquitted by a jury in the criminal court in a criminal prosecution for assault, and it is urged that such judgment of acquittal in the criminal prosecution is *res judicata* upon the question of malice in the civil action.

O'Connor, the judgment creditor and the plaintiff in the civil action for damages, was neither a party nor a privy to the criminal prosecution against appellant, and the judgment of acquittal in such criminal prosecution is not *res judicata* upon the question of malice in the civil action. *Corbley v. Wilson,* 71 Ill. 209; *McDonald v. Stark,* 176 Ill. 456.

It is finally urged that sections 5 and 65 of chapter 77 of the act entitled "Judgments, Decrees and Executions," are unconstitutional and void.

Appellant has waived this question by prosecuting his appeal to this court.

· There is no error in the record and the order is affirmed.

*Order affirmed.*