## In the Matter of the Petition of John Bobzin, Appellant, Arrested at the Suit of Louis Bobzin, Appellee.

### Gen. No. 26,323.

1. EXECUTION, § 302*—*what evidence is admissible in seeking release from arrest.* In a proceeding for a release from imprisonment under a *capias ad satisfaciendum* in a tort suit for assault and battery, the record of the judgment and all the files of the municipal court pertaining to the suit are admissible in evidence.

2. ASSAULT AND BATTERY, § 1*—*when malice is gist of action.* Malice is the gist of an action of trespass for an assault and battery.

3. EXECUTION, § 294*—*when debtor not entitled to release.* A person imprisoned under an execution on a judgment in an action for assault and battery is not entitled to discharge under the Insolvent Debtors' Act, as section 2 of the act (J. & A. ¶ 6199) expressly provides that the provisions of the act are not available to persons imprisoned under execution upon a judgment recovered in an action of which malice was the gist.

Appeal from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed February 19, 1921.

JAMES C. MARTIN and CHARLES R. CASLER, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an undefended appeal. The petitioner was imprisoned under a *capias ad satisfaciendum* in a tort suit against him by respondent in the municipal court, in which a judgment was entered for $850. By this proceeding defendant seeks to be released from imprisonment under section 2, ch. 72, Rev. St. (J. & A. ¶ 6199), title "Insolvent Debtors' Act."

¹See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

There was offered and received in evidence against the objection of defendant the record of the judgment and all the files in the municipal court.

The question before the county court was whether malice was the gist of the action in which the writ of *capias ad satisfaciendum* was issued and in force of which petitioner was confined in the Cook county jail.

The statement of the claim in the municipal court contains the averment that "defendant, with no cause or provocation on the part of the plaintiff assaulted him with his fists on and about his body and striking and jumping upon his body with his feet, causing bruises, lacerations and fracturing the bones in one of plaintiff's lower limbs, and otherwise causing the plaintiff to be sore, lame, disordered and disabled for a long period of time," etc.

The records of the municipal court were properly received in evidence, and therefrom it became the duty of the court to determine whether malice was the gist of the action in which the tort judgment was rendered.

In *Kitterman v. People*, 181 Ill. App. 682, it is held that malice is the gist of an action of trespass *vi et armis* for an assault and battery, and that a person imprisoned under an execution on such judgment is not entitled to a discharge under the Insolvent Debtors' Act. This was a proceeding for release from imprisonment under a *capias ad satisfaciendum* in a tort action for assault and battery, and in that regard is analogous to the instant case, and the court said:

"It must be regarded as settled law in this State that malice is the gist of such an action, and by express provision of section 2 of the act [J. & A. ¶ 6199], relating to insolvent debtors, the provisions of said act are not available to effect the discharge of a person from imprisonment under execution issued upon a judgment recovered in an action of which malice was the gist. *In re Murphy*, 109 Ill. 31; *In re Mullin*,

118 Ill. 551; *Masterson v. Furman,* 89 Ill. App. 291; *Salomon v. Buechele,* 127 Ill. App. 420; *Drygalski v. Thiele,* 163 Ill. App. 290; *In re Hinson,* 162 Ill. App. 121.''

*In re Murphy,* 109 Ill. 31, was a proceeding similar to the one at bar, in which it appeared that the circuit court held that malice was the gist of the action where a judgment had been rendered in an action of trespass for assault and battery and that defendant could not be discharged under the insolvent law. The circuit court judgment was affirmed in this court and Murphy appealed to the Supreme Court, and that court said:

''Was malice the *gist* of the action in which a judgment was rendered against appellant? If it was, the judgment will have to be affirmed. Our statute defines assault and battery to be the unlawful beating of another, and Greenleaf on Evidence, sec. 83, says: 'The intention to do harm is the essence of an assault.' In note 3, Cooley on Torts, 209, will be found a definition of malice as follows: 'Malice, in common acceptation, means ill-will against a person, but in its legal sense it means a wrongful act done intentionally, without just cause or excuse.' Here there was an intent to do harm, and an unlawful execution of that intent, resulting in the infliction of a wrong and injury upon another.''

And the Supreme Court held that malice was the gist of the action.

It therefore follows that malice was the gist of the action by which the respondent recovered in the municipal court a judgment for $850 for the serious assault and battery inflicted upon him by the petitioner, and that such action was an appropriate one.

The county court arrived at a correct conclusion and its judgment is affirmed.

*Affirmed.*

DEVER and McSURELY, JJ., concur.