# Harriett R. Stevens, Appellant, v. Edward M. Gallagher, Appellee.

## Gen. No. 26,893.

1. ASSAULT AND BATTERY—*when malice or intent in driving golf ball towards person injured not inferred.* Where plaintiff, in a civil action for assault and battery, while in a public park near a public golf course, was struck by a golf ball driven by defendant and it appeared that the direction the ball took was nearly at right angles to that intended, no malice or intent to drive the ball towards plaintiff and others near her could be inferred.

2. ASSAULT AND BATTERY—*statement by defendant after inflicting injury with golf ball as not showing wilfulness.* In a civil action for assault and battery *vi et armis* with a golf ball, where it appeared that the ball took a direction upon being struck nearly at right angles to that intended, *held* that defendant's subsequent statement to people standing near that "I struck one woman and you will be the next, if you don't get out of the way," could not reasonably be construed to mean that he wilfully injured plaintiff.

3. ASSAULT AND BATTERY—*when direction of verdict for defendant proper.* In an action for injuries received by plaintiff when she was struck by a golf ball driven by defendant, where each count of the declaration was for trespass *vi et armis*, no recovery could be had without proof of a wilful or a malicious injury and, in the absence of any such evidence, the court properly directed a verdict for defendant.

4. ASSAULT AND BATTERY—*whether defendant failed to exercise due care as not pertinent to issues.* In an action for assault and battery *vi et armis* by striking plaintiff with a golf ball driven out of the regular course in a public park, *held* that it was not pertinent to the issues whether defendant failed to exercise due care not to injure those who had a right to be in the park.

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Affirmed. Opinion filed January 17, 1922.

WIRT E. HUMPHREY and LESLIE H. WHIPP, for appellant.

WINSTON, STRAWN & SHAW, for appellee; CHARLES J. McFADDEN and JAMES H. CARTWRIGHT, JR., of counsel.

Mr. Justice Barnes delivered the opinion of the court.

This is an action of civil trespass for assault and battery with a golf ball. Two of the counts of the declaration allege that the assault was wilful and malicious. At the close of plaintiff's evidence, on defendant's motion, the court directed a verdict for defendant. This appeal presents the question whether plaintiff's evidence tended to make out a prima facie case.

Plaintiff was hit by a golf ball driven in play by defendant on a golf course maintained in a public park in Chicago while she was walking in a pathway just outside the golf grounds. Defendant was standing at the tee preparatory to driving the ball therefrom, the objective point being the hole or green 400 yards to the south, which was about 200 feet west from Lake Michigan, which lies to the east of the park. The pathway was between the golf grounds and the lake. She was about 15 feet from the lake and only about 50 feet from defendant. She heard his warning to "look out" or "get out of the way," and just after it was repeated she was struck in the breast with the ball defendant had driven. It would appear, therefore, that the line of the ball's intended flight was almost at right angles to the line between plaintiff and defendant. The ball, therefore, went so far wide of the direction intended as to indicate a pure accident or an inexperienced player. From these circumstances no malice or intent to drive the ball towards plaintiff and some 25 others who were near her can reasonably be inferred, and there is no other evidence to support such an inference. Plaintiff's sister testified that she heard defendant say afterwards to the people standing around there: "I struck one woman and you will be the next if you don't get out of the way." We do not think these words can reasonably be construed to mean that he wilfully injured plain-

tiff however presumptuous he may have been of his rights.

Each count of the declaration is for trespass *vi et armis,* under which no recovery could be had without proof of a wilful or a malicious injury such as is alleged in two of the counts. See *Peters v. United States,* 177 Fed. 885, and cases of this State there cited, which hold that malice is the very gist of an action for trespass for assault and battery. There is nothing in the evidence to indicate plaintiff intended to drive the ball in the direction where plaintiff and others were walking and thus out of the line of direction he would keep in playing the game. It is inconceivable that he would have intended to drive the ball out of the course into a crowd of people instead of driving it in the direction intended in the play of the game.

It is not pertinent to the issues raised by the pleading whether he failed to exercise due care not to injure those who had a right to be in the park, for the cause of action is not based on that theory but on the theory which required plaintiff to prove malice or intent to injure. There being no evidence which tended to reasonably support the latter theory, the court properly directed a verdict for defendant. The authorities cited by appellant relate to a case of trespass to a person and liability to damage therefrom without intention to commit it, but not to a case of trespass *vi et armis* for assault and battery.

*Affirmed.*

GRIDLEY, P. J., and MORRILL, J., concur.