ELLEN DEMING *vs.* AUGUSTUS VENDITTI.

JUNE 6, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass on the case in which plaintiff filed a declaration containing two counts, one in case for negligence and the other in trespass for assault and battery. At the conclusion of the evidence in the trial before a justice of the superior court sitting with a jury, defendant moved for a direction of a verdict in his favor on both counts, and that motion was denied. Thereupon the trial justice instructed the jury in the law applicable to the evidence as though the case presented by the pleadings was based solely on negligence. The jury returned a general verdict and found the defendant guilty "in manner and form as the Plaintiff has in her declaration thereof complained against him". Thereafter defendant moved, on the usual grounds, for a new trial, which was denied by the trial justice.

Defendant excepted to the denial of each motion, to numerous rulings of the trial justice on the introduction of evidence, and to a portion of his charge to the jury. Those exceptions are set out in defendant's bill of exceptions and he has briefed and argued all of them. However, on the view which we take of the pleadings and the evidence, it will be necessary to discuss here only his exceptions to the denial of his motions for a directed verdict and a new trial. Under his exception to the denial of his motion for a directed verdict he contends that the trial justice erred for the reason that there is no credible evidence on which a verdict of guilty, on either count in the declaration, could be reasonably based. He especially insists that the count in trespass for assault and battery should not have been submitted to the jury, as there was absolutely no evidence that the defendant intentionally injured the plaintiff.

We are of the opinion that there was evidence on which the jury could properly find defendant guilty of the count in trespass on the case for negligence, but we are of a con-

trary opinion as to the count in trespass for assault and battery. Plaintiff's cause of action arose out of an accident in which, while she was walking across a public highway in Providence, in this state, she was knocked down and injured by an automobile which she alleged was, at that time, owned and operated personally by the defendant.

In her second count she alleged that, against the peace of the state, "the defendant, with force and arms made an assault and did strike, beat and bruise and injure the plaintiff with a certain instrument, to wit, an automobile . . . . " She presented evidence reasonably tending to show that the automobile which knocked her down was registered to the defendant; that he was operating it; that he was negligent in the operation thereof; and that she was in the exercise of due care. Further evidence was introduced by her tending to show that she had sustained personal injuries as a result of being knocked down and that she was put to some expense in the treatment and cure of such injuries. She produced no evidence, direct or indirect, that defendant intended to knock her down, and she does not now claim that he committed an intentional assault upon her.

Defendant, on his part, presented evidence solely to prove that it was not his automobile that caused plaintiff's injury and that he was not the operator of the automobile which struck her. He also testified that he did not give his consent to anyone to drive his automobile on the day of the accident; and further that it was not driven by anyone at the time and place on the day plaintiff was injured, but was locked, and parked on the street in front of his mother's house. That house was in a section of Providence distant from the scene of the accident. He also presented witnesses whose testimony tended to corroborate him.

[■ On all the evidence there was a conflict as to whether it was really the defendant's automobile which struck the plaintiff; whether he was the actual operator; and whether, if it was his automobile and he was not operating it, it was being operated with his consent. These conflicts could only

be resolved by the jury and, therefore, the trial justice did not err in denying defendant's motion for a directed verdict so far as the count in trespass on the case for negligence was concerned.

On the other hand, so far as the count in trespass for assault and battery was concerned, there was absolutely no evidence of a willful or intentional trespass by the defendant, and therefore the jury could not reasonably find defendant guilty of assault and battery as alleged in that count. But plaintiff contends that evidence of intention is not necessary to support a trespass so long as the evidence shows that the force was direct and immediate, and she cites *Randall* v. *Holmes,* 69 R. I. 41; *Edmands* v. *Olson,* 64 R. I. 39; *Salerno* v. *Sheern,* 62 R. I. 121; *McKendall* v. *National Wholesale Confectionery Co.,* 50 R. I. 424.

It is true that each of those cases stands for the proposition substantially as stated by the plaintiff, but in none of them was it specifically held that, in an action of assault and battery, it was not necessary to *prove* intention on the part of the defendant to apply force against the plaintiff. In *Edmands* v. *Olson, supra,* we did hold that it was not necessary to expressly allege such intention in the declaration, but we said nothing about proof. In fact, we have expressly held that a declaration in assault and battery is necessarily based upon willful or intentional acts. *Baran* v. *Silverman,* 34 R. I. 279. In that case this court cited *Razor* v. *Kinsey,* 55 Ill. App. 605, and quoted with approval therefrom the following: "Willfulness, or intention on the part of the defendant to do the injury to the person of the party injured, is held to be essential to the establishment of liability of the defendant in an action of trespass for an assault and battery . . . . There may be trespass to the person and liability for the actual damage, without intention to commit it, but not an assault and battery." Other and later Illinois cases to the same effect are *People ex rel. Mark* v. *Walker,* 286 Ill. 541; *Matter of John Bobzin,* 220 Ill. App. 470; *Stevens* v. *Gallagher,* 224 Ill. App. 195. There is a con-

flict of authority on the question, but this appears to be the majority view. See Ann. Cas. 1914 B. 997, 999 n.

A careful examination of the cases upon which the plaintiff in the case at bar relies will not show that this court has ever adopted any different rule in such an action. In *Edmands* v. *Olson, supra,* which involved solely a question of pleading, we did comment on *Baran* v. *Silverman, supra,* but that comment has no connection with the precise point with which we are concerned here. In the *Edmands* case we held that it was not necessary for the plaintiff to expressly allege in his declaration that defendant intended to apply force against him. Here we have no such question of pleading but one of evidence, namely, what must appear to prove an assault and battery.

■ The cases cited by plaintiff contain various statements as to whether counts in trespass may follow a writ in trespass on the case; whether counts in case may follow a writ in trespass; and whether counts in trespass and case may be joined in the same action commenced either by a writ in trespass or in case. However stated, and whatever the form of the action in any of these cases, the principle which was held to govern was merely, as enunciated in *McKendall* v. *National Wholesale Confectionery Co., supra,* that, where the injury is the *effect of negligence,* though the force is direct and immediate, action may be brought either in trespass or case, and that a writ in trespass will support a single count in case or several counts in trespass and case where the plaintiff is in doubt as to his remedy. Conversely a writ in case will support a count in trespass. *Adams* v. *Lorraine Mfg. Co.,* 29 R. I. 333. But judgment in any action, commenced either by writ in trespass or in case, may enter only upon the count or counts under which the plaintiff may be entitled, on the evidence, to recover. *Randall* v. *Holmes, supra.*

■ In the case at bar, since the count in trespass for assault and battery is necessarily based upon the application of force, direct and intentional, and there is no evidence

of such force, the jury should have been directed to return a verdict for the defendant on that count; or it should have been stricken from the declaration and the jury instructed to disregard it. The trial justice, therefore, erred in denying defendant's motion for a verdict on the count in trespass for assault and battery. Defendant's exception to such denial is sustained.

The sustaining of that exception raises the question whether the error of the trial justice in permitting the case to go to the jury on both counts vitiated the trial as to the first count. There is a difficulty here which is not readily surmounted. Under our practice when the jury retire to deliberate upon their verdict, they take the pleadings into the jury room. We have no means of knowing whether or not they considered the second count and it may well be that they did, in the absence of specific instructions that they were not to consider it. If they did, it may conceivably have entered into the determination of their verdict, at least in respect to the damages. In view of the impossibility of our resolving that question, we are of the opinion that justice would be better served if the case were submitted to another jury solely on the first count. Only in this way can we be certain that the allegations of assault and battery in the second count will play no part in the jury's verdict, either as to the liability or the damages.

The defendant's exception to the denial of his motion for a new trial is, therefore, also sustained, and the case is remitted to the superior court with directions to strike the count in trespass for assault and battery from the declaration and to grant defendant a new trial on the count in trespass on the case for negligence.

*William H. McSoley, Jr.,* for plaintiff.

*Joseph Mainelli,* for defendant.